Charles Abbott (SBN 13811)
**Law Offices of Charles Abbott, PC**
2150 Park Place, Suite 100
El Segundo, CA 90245
(310) 773-3756
(310) 773-3101 (fax)
cabbott@cabbottlaw.com

Ronald H. Reynolds (SBN 827)
Harrison J. Reynolds (SBN 13748)
**Reynolds & Associates**
823 Las Vegas Blvd. S., Suite #280
Las Vegas, NV 89101
(702) 445-7000
(702) 385-7743

Attorneys for Defendant, Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE STEVENS, as an individual and as the wife of SCOTT STEVENS, and SCOTT STEVENS, as an individual and as the husband of DARLENE STEVENS, | Case Number: |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| KEVIN PRENTICE, WAL-MART STORES, INC., DOE MAINTENANCE EMPLOYEE, DOE EMPLOYEE, DOE JANITORIAL EMPLOYEE, DOE OWNER I-V, ROE OWNERS, ROE EMPLOYER, and ROE COMPANIES, | |
| Defendants. | |

**TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Defendant Wal-Mart Stores, Inc, ("Walmart"), under 28 U.S.C. §§ 1332, 1441, and 1446, removes Nevada State Court Case No. A-17-750037-C, pending in Department III of the Eighth Judicial District Court, Clark County, Nevada. This removal is based on these grounds:

### DESCRIPTION OF THE ACTION

On January 24, 2017, Plaintiffs Darlene and Scott Stevens ("the Stevenses") filed a Complaint in Nevada State Court against Walmart, a Walmart store employee named Kevin Prentice, and various fictitious defendants. A true and correct copy of that Complaint is attached as Exhibit 1. The Complaint alleges that Darlene Stevens "slipped and fell as a result of liquid on the supermarket walkway, causing her to fall to the floor" at a Las Vegas area Walmart store. *See id.*, Compl. at 14. Although she "was otherwise injured in and about the head, neck, shoulders, back, legs, hips, knees, ankles, feet, toes, and wrists" the Stevenses pled "monetary damages in an amount in excess" of $10,000 "to be proved specifically at the time of trial." *See id.*, Compl. at 15. The Stevenses served Walmart with the Complaint and Summons on February 9, 2017, and they served Mr. Prentice on February 22, 2017. A true and correct copy of the Walmart Summons is attached as Exhibit 2. Walmart filed its Answer in Nevada State Court on March 1, 2014 and Mr. Prentice filed his answer on March 15, 2017. A true and correct copy of Walmart's Answer is attached as Exhibit 3.

Nevada Rule of Arbitration 3 subjects all civil cases to arbitration if a probable jury award is "not in excess of $50,000." A litigant can claim an exemption from the arbitration program if he files "a request to exempt the case from the program and serve the request on any party who has appeared in the

action." N.A.R. 5. On March 15, 2017, the Stevenses filed their Request for Exemption from Arbitration, a true and correct copy of which is attached as Exhibit 4. That Request claimed medical special damages totaling $478,012.99 as the reason an exemption from the arbitration program was appropriate. *See* Ex. 4, Req. 3.

## BASIS FOR REMOVAL (DIVERSITY JURISDICTION)

This Court has jurisdiction over this proceeding under 28 U.S.C. 1332. Federal diversity jurisdiction has two elements: (1) complete diversity of citizenship between the parties and (2) the amount of controversy exceeds $75,000, exclusive of interests and costs. For reasons set forth below, both elements are satisfied, and removal is proper under 28 U.S.C. § 1441.

**A.    Diversity of Citizenship Between the Parties**

The Stevenses filed its Complaint against Walmart, fictitious defendants, and Mr. Prentice, a Nevada resident, as are the Stevenses. But this case may be removed. The Stevenses fraudulently joined Mr. Prentice as their Complaint lacks a single allegation against him.

**1.    Plaintiff fraudulently joined Walmart Employee, Kevin Prentice**

Generally, a resident defendant destroys diversity. But if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Although there is a strong presumption against removal jurisdiction (*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)), the Stevenses' failure to make a single allegation against Mr. Prentice is "obvious" from the face of the Complaint.

The Stevenses' Complaint only references Mr. Prentice in Paragraph 3, in their introductions of the parties. Nowhere else in the Complaint is Mr. Prentice mentioned, named, or identified. The Stevenses' Complaint alleges that Walmart and the fictitious defendants, and not Mr. Prentice, had actual or constructive notice "that liquid and/or substance had been spilled on the floor" and "failed to inspect, repair, and correct the said condition." Compl. at 13, 14. And the Stevenses finger Walmart and the fictitious defendants, and not Mr. Prentice, as negligent and the cause of the Stevenses' injuries. *See id.* p. 4-8.[1] The Stevenses' Complaint lacks a single material allegation against Mr. Prentice.

The Stevenses' Complaint resembles a complaint filed in California state court against Allstate Insurance and three Allstate employees and later removed to federal court. *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134 (S.D. Cal. 1998). Plaintiff moved to remand the case to state court because the Allstate employees and the plaintiff resided in California. *Id.* at 1137. The court denied plaintiff's motion and dismissed the three named employees without prejudice. *Id.* The court held that although "Plaintiff's complaint and FAC name the three individual defendants in the caption and in the headings of some causes of action, no material allegations against these defendants are made." *Id.*

The Stevenses make "no material allegation" against Mr. Prentice. He has been fraudulently joined to destroy diversity. And should Plaintiff file a motion for remand, Mr. Prentice should be dismissed.

### 2. The Stevenses and Walmart are Diverse

The Stevenses are Nevada citizens based on domicile, as they plead residency in Clark County, Nevada. *See* Ex. 1, Compl. at 2. Upon information and

---

[1] The Stevenses' Complaint contains duplicate paragraphs 13, 14, and 15. Because of the Complaint's typographical errors, Walmart cites to the pages in the Stevenses' Complaint.

belief, the Stevenses reside in Nevada intending to remain there indefinitely. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.")

To determine a company's principal place of business, a court must apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 91-92, 130 S. Ct. 1181, 1192 (2010). Under this test, the question is where "a corporation's officers direct, control and coordinate the corporation's activities." 559 U.S. at 92-93. It "normally should be the place where the corporation maintains its headquarters ...." 559 U.S. at 93. While Walmart is incorporated under the laws of Delaware, its "nerve center" is in Arkansas, where its corporate headquarters are located. *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 378 (5th Cir. 2010) (finding complete diversity where at time of removal, Plaintiff was a citizen of Texas and Walmart is incorporated in Delaware, with its principal place of business in Arkansas); *Menard v. Hewlett Packard Co.*, No. 12-3570, 2012 U.S. Dist. LEXIS 100382 (E.D. Pa. July 19, 2012) (holding complete diversity exists and noting that Plaintiffs are citizens of Pennsylvania, HP is a citizen of Delaware and California, and Walmart is a citizen of Arkansas and Delaware); *Freeman v. Wal-Mart Stores, Inc.*, 11-CV-3816 DMC JAD, 2012 WL 893085 (D.N.J. Mar. 13, 2012) ("It is undisputed that the parties to this suit are of diverse citizenship. Plaintiff is a citizen of New Jersey while Walmart Stores, Inc. is a corporation organized, and existing under the laws of Delaware with its principal place of business in Bentonville, Arkansas.").

Because Walmart is a citizen of Delaware and Arkansas and Plaintiffs are

citizens of Nevada, diversity of citizenship exists between all parties named in the Stevenses' Complaint. While the Stevenses named fictitious defendants, they have not been named or served, so they are not parties to the action. This court can disregard the fictitious defendants for the purposes of this removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (disregarding 100 Doe defendants on grounds that the court has "no information as to who they are or where they live or their relationship to the action.").

**B.      Amount in Controversy Exceeds $75,000**

An action may be removed if, in addition to complete diversity, the aggregate amount-in-controversy exceeds the jurisdictional amount of $75,000. "Under this standard, the removing party's burden is not daunting, and defendants are not obligated to research, state, and prove the plaintiff's claims for damages." *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *7 (E.D. Cal., Feb. 19, 2014) (internal quotations omitted). "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). When the amount of controversy cannot be determined from the face of a state-court pleading, a defendant may rely on another filing or document, containing "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L.Ed.2d 495, 499 (2014).

Here, the Stevenses' Complaint does not specify the amount of damages. *See* Ex. 1, Compl. 15(p. 7), 20. Approximately two months after their Complaint, the Stevenses filed a Request for Arbitration, which specified medical damages exceeded $450,000. *See* Ex. 4, Req. 3. Besides the medical damages, Plaintiff also seeks attorneys' fees recoverable by statute, which is included in the determining

the total amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be considered to determine jurisdictional amount). With the explicit medical damages coupled with unspecified attorneys' fees, the Stevenses plead damages over $75,000, inclusive of interest and costs.

### Timing

This Notice of Removal is timely, under 28 U.S.C. § 1446(b)(3), because Walmart discovered within the last thirty days that the amount in controversy exceeds $75,000.

Nevada Rule of Civil Procedure 8 requires a litigant to plead an unspecified amount of damages when his claim exceeds $10,000. Consequently, a defendant in a Nevada state court civil action must ascertain the amount in controversy through other filings and documents. Once that defendant receives a filing or document "from which it may first be ascertained that the case is one which is or has become removable," he must file his notice of removal "within thirty days after receipt." 28 U.S.C. § 1443(b)(3). Although 28 U.S.C. § 1443(b)(3) provides a second 30-day removal period, the defendant may not remove a case "more than one year after commencement of the action." 28 U.S.C. § 1443(c).

Here, the Stevenses filed their Complaint on January 24, 2017. *See* Ex. 1, Compl. 1. Because that Complaint only pled "damage in excess of $10,000" (*See* Ex. 1, Compl. 20) Walmart waited to ascertain the specific amount in controversy. On March 15, 2017, the Stevenses filed their Request for Exemption from Arbitration, which cited medical damages totaling $478,012.09. *See* Ex. 4, Req. 3. Upon receipt of that Request, the case became removable. Because the Stevenses filed their initial Complaint less than three months and their Request for

Exemption less than a month ago, Walmart's Notice of Removal is timely under 28 U.S.C. § 1443(b)(3). *See, e.g., Turner v. Paul Revere Life Ins. Co.*, No. 2:14-CV-1205 JCM (VCF), 2014 U.S. Dist. LEXIS 174790 (D. Nev. Dec. 16, 2014) (holding that removal was timely based on the exemption from arbitration form); *Erbe v. State Farm Fire & Cas. Co.*, 2015 U.S. Dist. LEXIS 86619, 2015 WL 3994969 (D. Nev. July 1, 2015) (denying plaintiff's motion to remand because defendant could only remove the case after plaintiff filed notice of exemption from arbitration, among other reasons).

## Conclusion

Because Walmart timely filed a notice of removal and this Court has original jurisdiction based on diversity, this Action must be removed to this Court.

Walmart will also timely file a Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada, a true and correct copy of which is attached as Exhibit 5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and its attachments will promptly be served on Plaintiff in this Action.

In filing this Notice of Removal, Walmart does not waive, and specifically reserves, all defenses, exceptions, rights and motions. No statement or omission shall be deemed to constitute an admission by Walmart of the allegations or damages sought in the Complaint.

Dated: April 5, 2017      **Law Offices of Charles Abbott, PC**

By: /s/ Charles Abbott
     Charles Abbott (SBN 13811)
     2150 Park Place, Suite 100
     El Segundo, CA 90245

Attorney for Defendant, Wal-Mart Stores, Inc.

# EXHIBIT 1

Electronically Filed
01/24/2017 02:48:26 PM

**CLERK OF THE COURT**

1   **COMP**
**RYAN M. ANDERSON, ESQ.**
2   Nevada Bar No. 11040
**JACQUELINE BRETELL, ESQ.**
3   Nevada Bar No. 12335
**GARRY B. TRINH, ESQ.**
4   Nevada Bar No. 14289
**MORRIS//ANDERSON**
5   716 S. Jones Blvd.
Las Vegas, Nevada 89106
6   Phone: (702) 333-1111
Fax: (702) 507-0092
7
*Attorneys for Plaintiff Darlene Stevens*
8

9                          **DISTRICT COURT**

10                    **CLARK COUNTY, NEVADA**

11
DARLENE STEVENS, as an individual and as
12   the wife of SCOTT STEVENS, and
SCOTT STEVENS, as an individual and as the
13   husband of DARLENE STEVENS,                    CASE NO: A-17-750037-C
                                                     DEPT. NO:  III
14                          Plaintiffs,

15   v.

16   KEVIN PRENTICE,
WAL-MART STORES, INC, DOE
17   MAINTENANCE EMPLOYEE, DOE
EMPLOYEE, DOE JANITORIAL
18   EMPLOYEE, DOE OWNER, I-V, ROE
OWNERS, ROE EMPLOYER, and ROE
19   COMPANIES.

20                          Defendants.
21

22                       **PLAINTIFF'S COMPLAINT**

23          COMES NOW the Plaintiffs DARLENE STEVENS and SCOTT STEVENS, by and through

24   counsel, RYAN M. ANDERSON, ESQ., JACQUELINE R. BRETELL, ESQ., and GARRY B. TRINH,
25
ESQ.. of the law firm of MORRIS//ANDERSON, and for her cause of action against the Defendants,
26
and each of them, alleges as follows:
27

28                                          1

1.  That PLAINTIFF DARLENE STEVENS was at all times relevant to this action a resident of Clark County, Nevada and/or Pinellas County, Florida.

2.  That PLAINTIFF SCOTT STEVENS was at all times relevant to this action a resident of Clark County, Nevada and/or Pinellas County, Florida.

3.  That DEFENDANT KEVIN PRENTICE was at all times relevant to this action the subject shift manager and/or manager at Defendant WAL-MART and is a resident of Clark County, Nevada.

4.  Upon information and belief, that at all times relevant to this action, the Defendants, WAL-MART STORES, INC. (hereinafter referred to as "DEFENDANT WAL-MART") and/or ROE COMPANY, are Nevada corporations, which are doing business in the State of Nevada.

5.  Upon information and belief DEFENDANT DOE OWNER and/or DEFENDANT ROE OWNER is the owner of the property located at 540 Marks Street, Henderson, Nevada and is a resident of Clark County, Nevada.

6.  Upon information and belief, at all relevant times to this action DEFENDANT ROE EMPLOYER was an entity doing business in the State of Nevada and was employing Defendants, and each of them.

7.  Upon information and belief, at all times relevant to this action, DEFENDANT DOE EMPLOYEE and/or DEFENDANT DOE MAINTENANCE EMPLOYEE and/or DEFENDANT DOE JANITORIAL EMPLOYEE (hereinafter referred to as "DEFENDANT DOE EMPLOYEE") was acting in the course and scope of his/her employment with Defendants, and each of them.

8.  That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  Plaintiffs are informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and that

Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V, when the same have been ascertained, and to join such Defendants in this action.

## FIRST CAUSE OF ACTION

9.    That upon information and belief, at all times relevant to this action, the Defendants, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled those premises located at 540 Marks Street, Henderson, Nevada, wherein it actively conducted a supermarket at said location.

10.    That on or about the May 10, 2015, and for some time prior thereto, the Defendants, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 540 Marks Street, Henderson, Nevada, so as to cause and allow cause and allow a floor to be wet and/or slippery in a manner as to cause an unreasonably dangerous condition, thus, making the walkway hazardous and/or dangerous.

11.    That on or about the May 10, 2015, and for some time prior thereto, the Defendants, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants (by and through their

authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 540 Marks Street, Henderson, Nevada, in that they maintained the area in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by customers and invitees of the said Defendants, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each Defendant.

12.  That on or about the May 10, 2015, and for some time prior thereto, the Defendants, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 540 Marks Street, Henderson, Nevada, so as to cause and allow cause and allow a floor to be wet and slippery in a manner as to cause an unreasonably dangerous condition, thus, making the walkway hazardous and dangerous for those using it, and more particularly for PLAINTIFF DARLENE STEVENS.

13.  That on or about the May 10, 2015, and for some time prior thereto, the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment),

negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 540 Marks Street, Henderson, Nevada, in that Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE permitted, allowed and caused said unsafe condition to remain even though Defendants, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE knew or, through the exercise of ordinary care and diligence, should have known, that liquid and/or substance had been spilled on the floor creating a slippery, hazardous and dangerous condition.

14.     That Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, failed to maintain the aforesaid premises in a reasonably safe condition; and that Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, negligently, carelessly and recklessly failed to inspect, repair and correct the said condition, or warn PLAINTIFF DARLENE STEVENS of the defect therein.

15.     At all times herein concerned or relevant to this action, the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, acted by and through their duly authorized agents,

5

servants, workmen and/or employees then and there acting within the course of their employment and scope of their authority for the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants.

16. That the carelessness and negligence of the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, in breaching a duty owed to the PLAINTIFF DARLENE STEVENS, which directly and proximately caused the injuries and damages to PLAINTIFF DARLENE STEVENS, consisting in and of, but not limited to, the following acts, to-wit:

(a) Failure to provide a safe premises for PLAINTIFF DARLENE STEVENS, to walk in the premise;

(b) Failure to warn PLAINTIFF DARLENE STEVENS, of the dangerous and hazardous condition then and there existing in said premise;

(c) Failure to properly and adequately inspect the said dangerous condition in the supermarket's walkways to ascertain its hazardous and dangerous condition;

(d) Failure to properly and adequately maintain the supermarket's walkways;

(e) The Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, had, or

should have had, knowledge or notice of the existence of the said dangerous and defective condition which existed on said premises.

13.   The Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, may have violated certain statutes, ordinances and building codes, which the Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

14.   That on or about May 10, 2015, PLAINTIFF DARLENE STEVENS, while lawfully upon the said premises of DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER, as a direct and proximate result of the said negligence and carelessness of the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, was caused to suffer the injuries and damages hereinafter set forth when she slipped and fell as a result of liquid on the supermarket walkway, causing her to fall to the floor, proximately causing to her the injuries and damages as hereinafter more particularly alleged.

15.   By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, PLAINTIFF DARLENE STEVENS, was otherwise injured in and about the head, neck, shoulders, back, legs, hips, knees, ankles, feet, toes, and wrists, and caused to suffer great

pain of body and mind, all or some of the same are chronic and may result in permanent disability and are disabling, all to PLAINTIFF DARLENE STEVENS, damage in an amount in excess of Ten Thousand Dollars ($10,000.00).

17.   By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, DEFENDANT WAL-MART and/or DEFENDANT ROE COMPANY and/or DEFENDANT ROE OWNER and/or DEFENDANT DOE OWNER and/or DEFENDANT ROE EMPLOYER and/or DEFENDANT DOE EMPLOYEE, and each of the Defendants, PLAINTIFF DARLENE STEVENS, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable.   PLAINTIFF DARLENE STEVENS will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial of this action.

18.   PLAINTIFF DARLENE STEVENS has been required to retain the law firm of MORRIS//ANDERSON to prosecute this action, and is entitled to a reasonable attorney's fee.

### SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 18 as though fully set forth herein.

19.   Plaintiff, SCOTT STEVENS is the husband of Plaintiff, DARLENE STEVENS and has been her husband at all times relevant herein.

20.   As a direct and proximate result of the Defendants' negligence, and each of them, Plaintiff, SCOTT STEVENS has suffered loss of consortium, companionship and society and consequently, severe emotional distress, past, present and future, all to Plaintiff's damage in

8

excess of $10,000.00.

21. As further proximate result of the negligence of Defendants, and each of them, Plaintiff, SCOTT STEVENS has incurred loss of support from DARLENE STEVENS, and that Plaintiff will continue to suffer such loss for an indefinite time in the future, the full nature and extent of said injuries are not known to Plaintiffs and leave is requested to amend this complaint to conform to proof at the time of trial.

22. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs have retained the services MORRIS//ANDERSON and therefore seeks reimbursement for attorneys' fees and costs.

## CLAIMS FOR RELIEF:

1. General damages for PLAINTIFF DARLENE STEVENS, in an amount in excess of $10,000.00;

2. Special damages for said PLAINTIFF DARLENE STEVENS' medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. General damages for PLAINTIFF SCOTT STEVENS, in an amount in excess of $10,000.00;

4. Costs of this suit;

5. Attorney's fees; and

///
///
///
///
///

6. For such other and further relief as to the Court may seem just and proper in the premises.

DATED THIS __24th__ day of January, 2017.

MORRIS//ANDERSON

By: _/s/ Jacqueline R. Bretell_
RYAN M. ANDERSON, ESQ.
Nevada Bar No. 11040
JACQUELINE BRETELL, ESQ.
Nevada Bar No. 12335
GARRY B. TRINH, ESQ.
Nevada Bar No. 14289
716 S. Jones Blvd.
Las Vegas, Nevada 89106
Phone: (702) 333-1111
Fax: (702) 507-0092
_Attorneys for Plaintiffs_

10

EXHIBIT 2

ORIGINAL

# DISTRICT COURT

## CLARK COUNTY, NEVADA

DARLENE STEVENS, as an individual and as
the wife of SCOTT STEVENS, and
SCOTT STEVENS, as an individual and as the
husband of DARLENE STEVENS,

                Plaintiffs,

v.

KEVIN PRENTICE,
WAL-MART STORES, INC, DOE
MAINTENANCE EMPLOYEE, DOE
EMPLOYEE, DOE JANITORIAL
EMPLOYEE, DOE OWNER, I-V, ROE
OWNERS, ROE EMPLOYER, and ROE
COMPANIES.

                Defendants.

CASE NO: A-17-750037-C
DEPT. NO: III

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

## WAL-MART STORES, INC

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the date of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

MORRIS ANDERSON

By: _____ 14284

    RYAN M. ANDERSON, ESQ.
    Nevada Bar No. 11040
    JACQUELINE R. BRETELL, ESQ.
    Nevada Bar No. 12335
    716 S. Jones Blvd.
    Las Vegas, NV 89107
    702-333-1111
    Attorneys for Plaintiff

CLERK OF COURT

By: _____

Deputy Clerk

FEB 02 2017

SHIMAYA LADSON

# EXHIBIT 3

Charles Abbott (SBN 13811)
**Law Offices of Charles Abbott, PC**
2150 Park Place, Suite 100
El Segundo, CA 90245
(310) 773-3756
(310) 773-3101 (fax)
cabbott@cabbottlaw.com

Ronald H. Reynolds (SBN 827)
Harrison J. Reynolds (SBN 13748)
**Reynolds & Associates**
823 Las Vegas Blvd. S., Suite #280
Las Vegas, NV 89101
(702) 445-7000
(702) 385-7743

Attorneys for Defendant, Wal-Mart Stores, Inc.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DARLENE STEVENS, as an individual and as the wife of SCOTT STEVENS, and SCOTT STEVENS, as an individual and as the husband of DARLENE STEVENS, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN PRENTICE, WAL-MART STORES, INC., DOE MAINTENANCE EMPLOYEE, DOE EMPLOYEE, DOE JANITORIAL EMPLOYEE, DOE OWNER I-V, ROE OWNERS, ROE EMPLOYER, and ROE COMPANIES, <br><br> Defendants. | Case Number:  A17750037C <br> Dept. No.: III <br><br> **DEFENDANT WAL-MART STORES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Walmart (hereinafter "Walmart") through its counsel of record answers the unverified Complaint filed by Plaintiffs Darlene Stevens and Scott Stevens (hereinafter "Stevens"). Walmart admits, denies and alleges as follows:

1.      Answering paragraph 1, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegation contained therein. Therefore, Walmart denies every allegation in paragraph 1.

2.      Answering paragraph 2, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegation contained therein. Therefore, Walmart denies every allegation in paragraph 2.

3.      Answering paragraph 3, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegation contained therein. Therefore, Walmart denies every allegation in paragraph 3.

4.      Answering paragraph 4, Walmart denies that it is a Nevada corporation. For any other allegations in paragraph 4, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegation contained therein. Therefore, Walmart denies all other allegations in paragraph 4.

5.      Answering paragraphs 5 through 8, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. Therefore, Walmart denies every allegation in these four paragraphs.

6.      Answering paragraphs 9 through 13, Walmart admits that it operates a Walmart Supercenter #2838 at 540 Marks Street in Henderson, Nevada. For all other allegations in these paragraphs, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegation contained therein. Therefore, Walmart denies all other allegations in these five paragraph.

7.      Answering paragraphs 14 and 15, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. Therefore, Walmart denies every allegation in these two paragraphs.

8.      Answering paragraph 16, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. On this basis, Walmart denies all allegations in this paragraph.

9.      Answering paragraph 13[1](sic), Walmart denies it violated a statute, ordinances, or building codes. For all other allegations contained this paragraph, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein.

10.      Answering paragraph 14(sic), Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. On this basis, Walmart denies all allegations in this paragraph.

---

[1] Plaintiff's Complaint contains typographical errors on page seven. On this page, the Complaint contains three paragraphs between paragraph 16, which appears on page six, and paragraph 17, which appears on page 8. Those three paragraphs are mistakenly labeled 13, 14, and 15, even though paragraphs 13, 14, and 15 also appear on pages four and five. For the sake of clarity and to match Walmart's response to the correct paragraph, Walmart will label its response to paragraphs 13-15 on page seven as "paragraph 13(sic)", "paragraph 14(sic)" and "paragraph 15(sic)".

11.     Answering paragraph 15(sic), Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. On this basis, Walmart denies all allegations in this paragraph.

12.     Answering paragraphs 17 and 18, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. On this basis, Walmart denies all allegations in these two paragraphs.

13.     Answering paragraphs 19 through 22, Walmart states it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein. Therefore, Walmart denies every allegation in these four paragraphs.

## AFFIRMATIVE DEFENSES

Walmart incorporates by reference those affirmative defenses enumerated in NRCP 8 as though fully set forth herein, as applicable upon discovery. If further investigation or discovery reveals the applicability of any such defenses, Walmart reserves the right to seek leave of court to amend this Answer to specifically assert any such defense. Such defenses are herein incorporated by reference so they are not waived. Walmart asserts these affirmative defenses:

1.     As a first, separate, affirmative defense, Walmart alleges that Stevens's Complaint and each cause of action or purported cause of action contained therein fails to state facts sufficient to constitute a cause of action against Walmart.

2.     As a second, separate, affirmative defense, Walmart alleges that Stevens, by their own acts and/or omissions, is estopped from recovering against

1    Walmart.

2           3.     As a third, separate, affirmative defense, Walmart alleges that, at

3    all times and places alleged in the Complaint, Stevens failed to exercise ordinary

4    and reasonable care on their own behalf and such negligence and carelessness was

5    a proximate cause of some portion, up to and including the whole of, their own

6    alleged injuries and damages, if any. Therefore, Stevens's recovery should be

7    barred or reduced according to law, up to and including the whole thereof.

8           4.     As a fourth, separate, affirmative defense, Walmart alleges that,

9    Stevens, by their own acts and/or omissions, has waived their rights to recover

10   against Walmart.

11          5.     As a fifth, separate, affirmative defense, Walmart alleges that

12   Stevens has failed to mitigate their damages for the matters referred to in the

13   Complaint, and that such failure to mitigate bars and/or diminishes Stevens's

14   recovery against Walmart.

15          6.     As a sixth, separate, affirmative defense, Walmart alleges that each

16   cause of action in Stevens's Complaint is vague, uncertain, and ambiguous as to

17   Stevens's claim for damages against Walmart.

18          7.     As a seventh, separate, affirmative defense, Walmart alleges that

19   each cause of action contained in Stevens's Complaint is barred by the doctrine of

20   laches, in that Stevens has unreasonably delayed in bringing these claims, and

21   those delays have prejudiced Walmart.

22          8.     As an eighth, separate, affirmative defense, Walmart alleges that if

23   it is subjected to any liability herein, that liability will be due in whole, or in part,

24   to the acts and/or omissions of other parties unknown at this time. Any recovery

25   obtained by Stevens should be barred or reduced according to law, up to and

26   including the whole thereof.

27

28

9.      As a ninth, separate, affirmative defense, Walmart alleges that the Complaint is barred, in whole or in part, because Walmart did not owe Stevens a duty. If Walmart owed Stevens a duty, it did not breach its duty to them.

10.     As a tenth, separate, affirmative defense, Walmart alleges that the Complaint and each purported cause of action alleged therein is barred because Walmart performed all contractual, statutory, and/or other duties it arguably owes to Stevens under law.

11.     As an eleventh, separate, affirmative defense, Walmart alleges that the Complaint and each purported cause of action alleged therein, is barred because Stevens's conduct about the matters alleged in the Complaint constituted carelessness, negligence, and/or misconduct or Stevens was otherwise at fault. Any resulting injuries sustained by Stevens was proximately caused and contributed to, in whole or in part, by Stevens's conduct.

12.     As a twelfth, separate, affirmative defense, Walmart alleges that should Stevens recover damages against any defendants, Walmart may have the amount abated, reduced or eliminated to the extent other third parties' conduct, or lack thereof, caused or contributed to Stevens's damages, if any.

13.     As a thirteenth, separate, affirmative defense, Walmart alleges there is no evidence Stevens would have followed a warning or such a warning would have prevented Stevens's injury.

14.     As a fourteenth, separate, affirmative defense, Walmart alleges that Walmart exercised reasonable care and did not know, and in exercising reasonable care could not have known, of the alleged acts or allegations, which are the subject of the Complaint.

15.     As a fifteenth, separate, affirmative defense, Walmart alleges that Stevens's Complaint, and every cause of action or purported cause of action

contained therein, is barred by all applicable statutes of limitation, including but not limited to Nev. Rev. Stat. § 11.190.

16.   As a sixteenth, separate, affirmative defense, Walmart alleges that Stevens failed to exercise reasonable and ordinary care, caution, or prudence for their own safety to avoid the alleged accident. Any resulting injuries and damages sustained by Stevens were proximately caused and contributed to by their own negligence, in that any possible danger regarding this accident in question was obvious to anyone using reasonable care.

17.   As a seventeenth, separate, affirmative defense, Walmart alleges that Stevens, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed all risks attendant upon their conduct, including any purported damages alleged to be related proximately caused.

18.   As an eighteenth, separate, affirmative defense, Walmart alleges that, if it is subject to any liability because of the Stevens's Complaint, that liability will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Stevens should be barred or reduced according to law, up to an including the whole thereof.

19.   As a nineteenth, separate, affirmative defense, Walmart alleges that any injuries and damages sustained by Stevens were proximately caused by the intervening and superseding actions of others. And those intervening and superseding actions bar and/or diminish Stevens's recovery against Walmart.

20.   As a twentieth, separate, affirmative defense, Walmart alleges that Stevens's Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

21.   As a twenty-first, separate, affirmative defense, Walmart alleges that it did not have either actual or constructive notice of the conditions, which

existed at the time and place mentioned in the Complaint and which may have caused or contributed to the damages as alleged in Stevens's Complaint. This lack of notice prevented Walmart from undertaking any measures to protect against or warn of these conditions.

22.     As a twenty-second, separate, affirmative defense, Walmart alleges that Stevens was negligent, and otherwise at fault regarding the events alleged in the Complaint, and this negligence and fault is the proximate cause of any liabilities or damages Stevens may incur. Any recovery by Stevens should be precluded given that Stevens's negligence was greater that Walmart's.

23.     As a twenty-third, separate, affirmative defense, Walmart alleges that any reimbursement, from whatever source, to Stevens for the damages alleged in their Complaint must be applied against Walmart's liability.

24.     As a twenty-fourth, separate, affirmative defense, Walmart alleges that it may have additional defenses that cannot be articulated due to: (1) Stevens's failure to particularize their claims, including her unwillingness to identify the location of her injury; (2) the fact that Walmart does not have copies of certain documents bearing on Stevens's claims; and (3) Stevens's failure to provide more specific information about the injury, their damage claims and claims for certain costs which Stevens alleges that Walmart may share some responsibility. Therefore, Walmart reserves the right to assert additional defenses upon: (1) further particularization of Stevens's claims; (2) examination of the documents provided; (3) discovery of further information about the alleged damage claims and claims for costs; and (4) the development of other pertinent information.

Walmart prays this Honorable Court will:

1.     Dismiss the Complaint with prejudice or grant Stevens a reduced

amount based upon the admissions, denials and affirmative defenses as alleged above;

2.      Award Walmart costs; and

3.      Award Walmart such other and further relief as this Court deems just and equitable.

Dated: March 1, 2017         **LAW OFFICES OF CHARLES ABBOTT, PC**

By: /s/ Charles Abbott_____
        Charles Abbott (SBN 13811)
        21250 Hawthorne Boulevard, Suite 500
        Torrance, CA 90503

        Attorney for Defendant, Wal-Mart Stores, Inc.

EXHIBIT 4

No ans
3/08/17

☐ ORIGINAL

```
 1   REA
     RYAN M. ANDERSON, ESQ.
 2   Nevada Bar No. 11040
 3   JACQUELINE BRETELL, ESQ.
     Nevada Bar No. 12335
 4   GARRY B. TRINH, ESQ.
     Nevada Bar No. 14289
 5   MORRIS//ANDERSON
 6   716 S. Jones Blvd.
     Las Vegas, Nevada 89106
 7   Phone: (702) 333-1111
     Fax: (702) 507-0092
 8   Attorneys for Plaintiff Darlene Stevens
```

FILED
ELECTRONICALLY SERVED
03/15/2017 10:11:29 AM

2017 MAR 15 P 3: 46

ADR

```
 9                          DISTRICT COURT

10                     CLARK COUNTY, NEVADA

11
12   DARLENE STEVENS, as an individual and as
     the wife of SCOTT STEVENS, and
13   SCOTT STEVENS, as an individual and as the
     husband of DARLENE STEVENS,
14
15                       Plaintiffs,
16   v.
17   KEVIN PRENTICE,
     WAL-MART STORES, INC, DOE
18   MAINTENANCE EMPLOYEE, DOE
     EMPLOYEE, DOE JANITORIAL
19   EMPLOYEE, DOE OWNER, I-V, ROE
     OWNERS, ROE EMPLOYER, and ROE
20   COMPANIES.
21
22                       Defendants.
```

CASE NO: A-17-750037-C
DEPT. NO: III

### REQUEST FOR EXEMPTION FROM ARBITRATION

COMES NOW, Plaintiff, by and through counsel, hereby requests the above-entitled matter be

exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. _____ presents a significant issue of public policy;
2. ___X___ a case that has a probable jury award value in excess of $50,000.00 per

Page 1 of 4

EXHIBIT "A"

3. _____ plaintiff, exclusive of interest and costs, and regardless of comparative liability; presents unusual circumstances which constitute good cause for removal from the program.

A summary of the facts that supports Plaintiff's contention for exemption is as follows:

This matter arises out of a slip and fall incident that took place on May 10, 2015 at the Wal-Mart Store located at 540 Marks Street, Henderson, Nevada in Clark County, Nevada.  On this date, Plaintiff DARLENE STEVENS slipped and fell due to liquid on the floor while she was an invitee at Defendants' premises.   As a direct result of the said negligence and carelessness of the Defendants, and each of them, Plaintiff DARLENE STEVENS has been caused to suffer painful and potentially permanent injuries. As a result of the negligence of the Defendants, Plaintiff DARLENE STEVENS has suffered numerous injuries, for which Plaintiff DARLENE STEVENS has had to receive medical care.

To date, Plaintiff DARLENE STEVENS' medical expenses total approximately $478,012.09. Plaintiff DARLENE STEVENS has incurred the following medical expenses as a result of the subject incident, caused by Defendants:

| | Provider | Total |
|---|---|---|
| 1. | City of Henderson Fire & Rescue Ambulance | $1,049.03 |
| 2. | St. Rose Dominican Hospital De Lima Campus | $9,462.00 |
| 3. | Fremont Emergency Services | $3,153.60 |
| 4. | Radiology Specialists, Ltd. | $171.00 |
| 5. | Don Nobis Progressive Physical Therapy | $7,805.00 |
| 6. | Advanced Orthopedic & Sports Medicine (Timothy Trainor, M.D.) | $32,449.67 |
| 7. | Las Vegas Neurology Center (Paul H. Janda, D.O.) | $6,700.00 |
| 8. | Innovative Pain Care Center (Daniel Burkhead, M.D.) | $740.00 |
| 9. | MaxHealth Center (Kelly E. Murie, D.C.) | $6,219.00 |
| 10. | Las Vegas Radiology (Elizabeth Huck, M.D.) | $1,650.00 |
| 11. | Interventional Pain & Spine Institute (Hans Jorg Rosler, M.D.) | $800.00 |
| 12. | Orthopedic & Sports Medicine Institute of Las Vegas (Randa Bascharon, D.O.) | $590.00 |
| 13. | Duramedic Medical Supplies | $135.00 |
| 14. | Durango Outpatient Surgery Center | $35,626.63 |

| | | |
|---|---|---|
| 15. | Valley View Surgery Center | $344,043.96 |
| 16. | PBS Anesthesia (Scott Young, M.D.) | $3,620.00 |
| 17.. | Medical Technologies, Inc. | $1,650.00 |
| 18. | Next Step Medical | $1,500.00 |
| 19. | Open Sided MRI of Las Vegas | $1,6450.00 |
| 20. | Tim Soder Physical Therapy | $7,473.70 |
| 21. | Mountain West Chiropractic of Green Valley | $4,745.16 |
| 22. | Bender Chiropractic Center | $1,430.00 |
| 23. | Raxo Drugs | $3,344.34 |
| 24. | Desert Orthopedic Center | $792.00 |
| 25. | Las Vegas Neurosurgery, Orthopaedics & Rehabilitation (Mark Kabins, M.D.) | $1,217.00 |
| | **Total:** | **$478,012.09** |

As is evidenced by the serious injuries diagnosed by Plaintiff DARLENE STEVENS' healthcare providers, together with the significant medical expenses incurred by Plaintiff DARLENE STEVENS, Plaintiffs' case has a probable jury award value in excess of $50,000.  Accordingly, and pursuant to NAR 3, this matter is appropriately exempted from the Court Annexed Arbitration Program.   Copies of all of Plaintiff DARLENE STEVENS' medical records and bills will be provided upon request.

I hereby certify pursuant to N.R.C.P 11, this case to be within the exemption marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this ⟨10th⟩ day of March, 2017.

MORRIS ANDERSON

_____
**JACQUELINE R. BRETELL, ESQ.**
Nevada Bar No. 12335
716 S. Jones Blvd.
Las Vegas, Nevada 89107
Phone:  (702) 333-1111
Fax:  (702) 507-0092

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5, NEFCR 9 and EDCR 8.05, I hereby certify that on this $\underline{10}$ day of March, 2017, I served a copy of the foregoing **REQUEST FOR EXEMPTION FROM ARBITRATION** by serving a true copy thereof via the Court's Electronic System to the following:

Charles Abbott, Esq.
Nevada Bar No. 13811
LAW OFFICE OF CHARLES ABBOTT, PC
2150 Park Place, Suite 100
El Segundo, CA 90245

Ronald H. Reynolds, Esq.
Nevada Bar No. 827
Harrison J. Reynolds, Esq.
Nevada Bar No. 13748
REYNOLDS & ASSOCIATES
823 Las Vegas Blvd. S., Suite #280
Las Vegas, Nevada 8101
*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

_____
An employee/agent of MORRIS ANDERSON

**E-Service Details of filing titled:**
*Request for Exemption from Arbitration*
**for Case Number A-17-750037-C - Darlene Stevens, Plaintiff(s)vs.Kevin Prentice, Defendant(s)**

| Firm Name | User Name | User Email | Served | Date/Time Opened | |
|---|---|---|---|---|---|
| Morris Anderson | Jacqueline R. Bretell | Jacqueline@morrisandersonlaw.com | Yes | [ Not Opened ] | [details] |
| Morris Anderson | Real Jumao-as | Real@Morrisandersonlaw.com | Yes | 2017-03-15 10:13:03.0 | [details] |
| Morris Anderson | Katie Ader | Katie@morrisandersonlaw.com | Yes | [ Not Opened ] | [details] |
| Reynolds & Associates | Kim Simon | kim@reynoldslawyers.com | Yes | [ Not Opened ] | [details] |
| Reynolds & Associates | Ronald H. Reynolds | Ron@Reynoldslawyers.com | Yes | [ Not Opened ] | [details] |

This page last refreshed: 10:15:29 AM
Clicking Auto-Refresh below will set this page to refresh every 2 minutes.

Auto-Refresh Details?

# EXHIBIT 5

Charles Abbott (SBN 13811)
**Law Offices of Charles Abbott, PC**
2150 Park Place, Suite 100
El Segundo, CA 90245
(310) 773-3756
(310) 773-3101 (fax)
cabbott@cabbottlaw.com

Ronald H. Reynolds (SBN 827)
Harrison J. Reynolds (SBN 13748)
**Reynolds & Associates**
823 Las Vegas Blvd. S., Suite #280
Las Vegas, NV 89101
(702) 445-7000
(702) 385-7743

Attorneys for Defendant, Wal-Mart Stores, Inc.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DARLENE STEVENS, as an individual and as the wife of SCOTT STEVENS, and SCOTT STEVENS, as an individual and as the husband of DARLENE STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PRENTICE, WAL-MART STORES, INC., DOE MAINTENANCE EMPLOYEE, DOE EMPLOYEE, DOE JANITORIAL EMPLOYEE, DOE OWNER I-V, ROE OWNERS, ROE EMPLOYER, and ROE COMPANIES,<br><br>Defendants. | Case Number:  A-17-750037-C<br>Department No.: III<br><br>**DEFENDANT WAL-MART STORES, INC.'S NOTICE TO REMOVE PLAINTIFF'S CASE TO FEDERAL COURT** |

**TO THE CLERK OF THE CLARK COUNTY DISTRICT COURT AND ALL PARTIES OF RECORD:**

On April 5, 2017, Defendant Wal-Mart Stores, Inc. removed this case to U.S. District Court, District of Nevada on grounds of diversity jurisdiction. Pursuant to 28 U.S.C. 1446(d), Wal-Mart Stores files a copy of its notice of removal, which is attached with the Clark County District Court, which will be served on Plaintiffs and their outside counsel.

Dated: April 5, 2017

LAW OFFICES OF CHARLES ABBOTT, PC

By: /s/ Charles Abbott
Charles Abbott (SBN 13811)
2150 Park Place, Suite 100
El Segundo, CA 90245

Attorney for Defendant, Wal-Mart Stores, Inc.