RYAN M. ANDERSON, ESQ.
Nevada Bar No. 11040
JACQUELINE BRETELL, ESQ.
Nevada Bar No. 12335
LAUREN D. CALVERT, ESQ.
Nevada Bar No. 10534
**MORRIS//ANDERSON**
716 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: (702) 333-1111
Fax: (702) 507-0092
*Attorneys for Plaintiffs*
*Darlene Stevens and Scott Stevens*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE STEVENS, as an individual and as the wife of SCOTT STEVENS; and SCOTT STEVENS, as an individual and as the husband of DARLENE STEVENS, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN PRENTICE, WAL-MART STORES, INC; DOE MAINTENANCE EMPLOYEE; DOE EMPLOYEE; DOE JANITORIAL EMPLOYEE; DOE OWNERS I-V; ROE OWNERS; ROE EMPLOYER; and ROE COMPANIES, <br><br> Defendants. | CASE NO.:  2:17-CV-00970-JCM-PAL <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT WAL-MART STORES, INC.'S EMERGENCY MOTION TO: (1) DISQUALIFY PLAINTIFFS' COUNSEL, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT; AND (2) VACATE MARCH 6, 2018[,] HEARING ON ALL PENDING MOTIONS, FOR VIOLATIONS OF AMERICAN BAR ASSOCIATION AND NEVADA RULES OF PROFESSIONAL CONDUCT 1.6, 1.9[,] AND 1.10 (*Docket Filings #66, #67*)** |

1

COME NOW PLAINTIFFS DARLENE STEVENS and SCOTT STEVENS, by and through their counsel of record, RYAN M. ANDERSON, ESQ., JACQUELINE BRETELL, ESQ., and LAUREN D. CALVERT, ESQ. of the law firm of MORRIS//ANDERSON, and present their Opposition To Defendant Wal-Mart Stores, Inc.'s Emergency Motion To: (1) Disqualify Plaintiffs' Counsel, Or In The Alternative, Strike Plaintiffs' Complaint; And (2) Vacate March 6, 2018[,] Hearing On All Pending Motions, For Violations Of American Bar Association And Nevada Rules Of Professional Conduct 1.6, 1.9[,] And 1.10 (*Docket Filings #66, #67*).[1]

Plaintiffs' Opposition is based upon the following Declarations, points and authorities, and exhibits, the pleadings and other papers on file herein, and any oral argument this Court may entertain.

//

//

---

[1] For reasons that are unclear, Defendant Wal-Mart Stores, Inc. ("Walmart") filed its Emergency Motion twice (*Docket Filings #66, #67*). The two documents appear to be identical. Plaintiffs' current submission therefore serves as Plaintiffs' Opposition to each of these filings. Walmart's Emergency Motion will be referred to herein as "Docket Filing #66" and by the singular "Motion."

In addition, because the March 6, 2018, Hearing before United States Magistrate Judge Peggy A. Leen proceeded as calendared, the portion of Walmart's Motion seeking to vacate that Hearing is now moot. Plaintiffs therefore do not address Walmart's argument regarding why "This Court Is Compelled to Vacate the March 6, 2018 Hearing On All Pending Motions[.]" *Docket Filing #66*, 9: 23 - 10: 14.

Finally, Walmart's Motion asserts without any stated basis that "Plaintiffs' counsel deliberately concealed Ms. Gutierrez'[s] involvement in this case" and that Walmart discovered such only because of Ms. Gutierrez's "inadvertent inclusion" on a case-related email. *Docket Filing #66*, 9: 7-22. On that basis, Walmart argues that this Court should strike Plaintiffs' Complaint. *Id.*

Walmart proffers no evidence of deliberate concealment, and no such concealment, deliberate or otherwise, occurred. *See* Declaration of Jacqueline Bretell, Esq. ("Decl. Bretell"), *infra*, ¶ 3. As explained herein, Plaintiffs' counsel did nothing to conceal Ms. Gutierrez's involvement. *Id.*; *see also* Footnote 2, *infra*. Jacqueline Bretell, Esq. *intentionally* included Ms. Gutierrez on her March 1, 2018, email because Ms. Gutierrez had just begun working on this matter. *See* Decl. Bretell, *infra*, ¶ 3.

Finally, nothing in NRPC 1.9 contemplates or authorizes the striking of a party's Complaint or any other sanction on a party for the misconduct of counsel. The Rule addresses only the disqualification of counsel. *See* Nev. R. Prof'l Conduct 1.9(a).

## DECLARATION OF JACQUELINE BRETELL, ESQ.
## IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
## DEFENDANT WAL-MART STORES, INC.'S
## EMERGENCY MOTION

1.      I am an attorney duly licensed to practice law in the State of Nevada and a Partner in the law firm of Bighorn Law, LLC, d/b/a Morris//Anderson, 716 South Jones Boulevard, Las Vegas, Nevada 89107, counsel of record to Plaintiffs in the above-referenced matter.

2.      This Declaration is made in support of Plaintiffs' Opposition To Defendant Wal-Mart Stores, Inc.'s Emergency Motion To: (1) Disqualify Plaintiffs' Counsel, Or In The Alternative, Strike Plaintiffs' Complaint; And (2) Vacate March 6, 2018[,] Hearing On All Pending Motions, For Violations Of American Bar Association And Nevada Rules Of Professional Conduct 1.6, 1.9[,] And 1.10 (*Docket Filings #66, #67*).

3.      On March 1, 2018, I intentionally included Siria Gutierrez, Esq. on an email to Walmart's counsel, Robert K. Phillips, Esq., regarding this matter.  Ms. Gutierrez had recently joined my law firm and begun working on this case, and I included her on that email as a standard means of keeping her apprised as to its status.  No attempt was made by anyone at my firm to conceal, deliberately or otherwise, Ms. Gutierrez's involvement in this matter.

4.      After Walmart counsel Robert K. Phillips, Esq. raised the issue addressed in Walmart's Emergency Motion in a March 1, 2018, email, he persisted through several emails in presenting his incorrect belief that a conflict of interest existed regarding Ms. Gutierrez, and eventually stated that Walmart would move to disqualify the entire Morris//Anderson firm on that incorrect basis.  Out of an abundance of caution, I omitted Ms. Gutierrez from subsequent emails in this case pending resolution of this issue.

3

5.      Morris//Anderson's representation of Plaintiffs in this matter is adverse to Walmart.

6.      Morris//Anderson does not currently possess or have access to sources of confidential client information regarding Walmart or any of its affiliates or subsidiaries, particularly client documents or files.

7.      A true and correct printout of a series of emails between myself and Robert K. Phillips, Esq., dated March 1-2, 2018, is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.




                                        */s/ Jacqueline R. Bretell*
                                        **JACQUELINE BRETELL**

//
//
//
//
//
//
//
//
//
//
//
//
//

**DECLARATION OF SIRIA GUTIERREZ, ESQ.
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANT WAL-MART STORES, INC.'S
EMERGENCY MOTION**

1.     I am an attorney duly licensed to practice law in the State of Nevada and an Associate in the law firm of Bighorn Law, LLC, d/b/a Morris//Anderson, 716 South Jones Boulevard, Las Vegas, Nevada 89107, counsel of record to Plaintiffs in the above-referenced matter.  I began working at Morris//Anderson on February 5, 2018.

2.     This Declaration is made in support of Plaintiffs' Opposition To Defendant Wal-Mart Stores, Inc.'s Emergency Motion To: (1) Disqualify Plaintiffs' Counsel, Or In The Alternative, Strike Plaintiffs' Complaint; And (2) Vacate March 6, 2018[,] Hearing On All Pending Motions, For Violations Of American Bar Association And Nevada Rules Of Professional Conduct 1.6, 1.9[,] And 1.10 (*Docket Filings #66, #67*).

3.     From August 2011 to June 2014, I was employed by the law firm of Phillips Spallas & Angstadt LLP ("PSA"), 504 South Ninth Street, Las Vegas, Nevada 89101.  The majority of my work with PSA involved representing Wal-Mart Stores, Inc. ("Walmart") in tort litigation.  My work during this time involved an attorney-client relationship with Walmart.

4.     My representation of Plaintiffs in this matter is adverse to Walmart.

5.     When I ended my relationship with Walmart as counsel in June 2014, Walmart retained all files and documents relating to Walmart that I had in my possession.  I retained no files, no documents, and no other information beyond my general experience.

//

//

6.      I have not obtained any waiver from Walmart giving informed consent, confirmed in writing related to my current or future representation of any client adverse to Walmart in any matter "substantially related" to one or more matters in which I formerly represented Walmart.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Siria Gutierrez*

**SIRIA GUTIERREZ**

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

# I.      INTRODUCTION

Walmart's Motion is a transparent attempt at retribution.  Because Walmart's prior counsel was caught red-handed in multiple ethical violations and was facing imminent disqualification before being replaced by Walmart's current counsel, Walmart now employs a tit-for-tat strategy to improperly attempt to deprive Plaintiffs of their chosen counsel.

Walmart's motive becomes evident when the _substance_ of its Motion (or, more accurately, its _lack_ of substance) is examined.  The Motion simply presents Defense counsel's deeply flawed personal notions of ethical conflicts as self-evident, needing no support in actual Rules, case law, or legal analysis.

Building on that defective foundation, the Motion repeatedly asserts simplistic (and incorrect) propositions, without citations, and then employs those pronouncements as though they were actual law.  One example:  The Motion proclaims that "sacrosanct to the practice of law are the professional rules of conduct which prohibit an attorney from suing a former client without having obtained a waiver from the client permitting such a suit.").  This unconditional statement, like so many purported references to law in Walmart's Motion, is egregiously wrong.

The fundamental issue here is whether Siria Gutierrez, Esq. (and, by imputation, her law firm, Morris//Anderson) must be disqualified from representing Plaintiffs in this matter because Ms. Gutierrez previously represented Walmart.  That question hinges _entirely_ on whether this matter is "substantially related" to any case in which Ms. Gutierrez represented Walmart.

The Nevada Supreme Court has defined, and this Court has consistently applied, a three-part test to determine whether one case is "substantially related" to another in this context. Walmart has the burden to prove such "substantial relation" by satisfying _all three parts_ of this test.  However, as the analysis herein clearly demonstrates, Walmart fails to satisfy _any_ of the three parts.

//

//

//

7

Because Walmart fails to meet its burden to prove that this matter is "substantially related" to any case in which Ms. Gutierrez represented Walmart, the Motion to disqualify Ms. Gutierrez fails as a matter of law.

In addition, because Ms. Gutierrez is not disqualified from representing Plaintiffs, her firm, Morris//Anderson, likewise is not disqualified by imputation.   Plaintiffs therefore respectfully request that this Court deny Walmart's Motion in its entirety with prejudice.

## II.     LEGAL ARGUMENT

### A.     MS. GUTIERREZ IS NOT BARRED FROM REPRESENTING PLAINTIFFS IN THIS MATTER SIMPLY BECAUSE SHE PREVIOUSLY REPRESENTED WALMART.

The cornerstone of Walmart's Motion is its assertion that Siria Gutierrez, Esq., an attorney who represented Walmart from August 2011 to June 2014, has been "surreptitiously prosecuting this case against [Walmart]." *Docket Filing #66*, 3: 11.[2]

Such representation, Walmart claims, violates Ms. Gutierrez's "duty [to Walmart] which exists in perpetuity absent a waiver." *Id.* at 3: 22-23.  In purported support of this inaccurate statement of law, Walmart asserts, incorrectly, that "sacrosanct to the practice of law are the professional rules of conduct which prohibit an attorney from suing a former client without having obtained a waiver from the client permitting such a suit." *Id.* at 3: 5-7.

---

[2] Walmart asserts that Ms. Gutierrez had been "surreptitiously prosecuting this case" and that Walmart learned of her participation "[o]nly because Plaintiffs' counsel Jacqueline Bretell inadvertently copied Ms. Gutierrez on a March 1, 2018 e-mail[.]" *Docket Filing #66*, 3: 10-12; 9: 15-16.

Walmart proffers no evidence to support its assertion that Ms. Gutierrez was being "surreptitious[ ]" or its assertion that Ms. Bretell's inclusion of Ms. Gutierrez on the March 1 email was "inadvertent[ ]."  To the contrary, Ms. Bretell *intentionally* included Ms. Gutierrez on that email because Ms. Gutierrez had recently joined the firm and had begun working on this case, and thus needed to be kept apprised of its status.  *See* Declaration of Jacqueline Bretell, Esq. ("Decl. Bretell"), *supra*, ¶ 3.  Walmart's assumption that Ms. Gutierrez's participation in the case was a secret that was accidentally exposed *presupposes* that Ms. Gutierrez is ethically precluded from representing Plaintiffs in this matter, which she is not, as explained herein.  *See* Section II.A.

After Walmart counsel Robert K. Phillips, Esq. raised this issue in a March 1, 2018, email, he persisted through several emails in presenting his incorrect belief that a conflict existed regarding Ms. Gutierrez, and eventually stated that Walmart would move to disqualify the entire Morris//Anderson firm on that incorrect basis.  *Exhibit 1*; *see also* Decl. Bretell, ¶¶ 4, 7.  Out of an abundance of caution, Ms. Bretell omitted Ms. Gutierrez from subsequent emails in this case pending resolution of this issue.  *See* Decl. Bretell, ¶ 4.  Mr. Phillips misconstrued this sensible course of action by Ms. Bretell as a tacit admission that a conflict existed regarding Ms. Gutierrez.  *Exhibit 1*.

1. **Ms. Gutierrez Is Barred From Representing Plaintiffs In This Matter _Only If_ This Matter Is "Substantially Related" To One Or More Cases In Which Ms. Gutierrez Represented Walmart.**

Walmart at least cites to the correct Rule in making its argument, NRPC 1.9. That Rule provides that

> [a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person _in the same or a substantially related matter_ in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

_See_ Nev. R. Prof'l Conduct 1.9(a) (emphasis added).

As Walmart acknowledges, Ms. Gutierrez ceased representing Walmart in June 2014, and the incident at issue in this case occurred nearly a year later, in May 2015. _Docket Filing #66, 3: 16-17; 4: 3._ Thus, as this matter did not in any way exist while Ms. Gutierrez represented Walmart, there is no dispute that this matter is not "the same" as any matter in which Ms. Gutierrez represented Walmart.[3] **Therefore, Ms. Gutierrez has a conflict of interest in this matter based on her prior representation of Walmart _only if_ this matter is "substantially related" to one or more cases in which she "formerly represented [Walmart][.]"** _See_ Nev. R. Prof'l Conduct 1.9(a).

//

//

//

//

//

---

[3] The parties also agree that Ms. Gutierrez has not obtained any waiver from Walmart "giv[ing] informed consent, confirmed in writing[ ]" related to Ms. Gutierrez's current or future representation of any client adverse to Walmart in any matter "substantially related" to one or more matters in which she "formerly represented [Walmart][.]" _See_ Nev. R. Prof'l Conduct 1.9(a) (providing that conflict of interest as defined bars representation "unless the former client gives informed consent, confirmed in writing"); _see also_ Decl. Gutierrez, _supra_, ¶ 6; _see also Docket Filing #66_, Exhibit A thereto (email exchange between Jacqueline Bretell, Esq. and Robert K. Phillips, Esq., dated March 1-2, 2018, in which attorneys for both parties confirm that Walmart has not provided any waiver to Ms. Gutierrez pursuant to NRPC 1.9(a)).

9

**2.      Walmart Bears The Burden To Prove That This Matter Is "Substantially Related" To One Or More Cases In Which Ms. Gutierrez Represented Walmart.**

As this Court has held, citing to the Nevada Supreme Court,

[t]o prevail on a motion to disqualify, the party seeking disqualification must show: (1) the moving party had an attorney-client relationship with the lawyer; (2) *the former representation of the client and the current matter are substantially related*; and (3) the current representation is adverse to the party seeking disqualification.

*Sanchez v. Am. Family Mut. Ins. Co.*, 2012 WL 4498226, at *1 (D. Nev. Sept. 28, 2012) (citing *Nevada Yellow Cab Corp. v. Eighth Judicial District Ct.*, 123 Nev. 44, 50 (2007)) (emphasis added).

Here, the first and third prongs of this test are not disputed.  The parties agree that "[Walmart] had an attorney-client relationship with [Ms. Gutierrez]" from August 2011 to June 2014.  *See* Declaration of Siria Gutierrez, Esq. ("Decl. Gutierrez"), *supra*, ¶ 3; *see also Docket Filing #66*, 4: 23-25.  The parties also agree that "the current representation [of Plaintiffs by Ms. Gutierrez and her firm] is adverse to the party seeking disqualification[,]" *i.e.*, Walmart.  *See* Decl. Gutierrez, *supra*, ¶ 4; *see also* Decl. Bretell, *supra*, ¶ 5;  *see also Docket Filing #66*, 7: 6-7.

Thus, Walmart's assertion that NRPC 1.9(a) prevents Ms. Gutierrez from representing Walmart in this matter hinges *solely* on whether this matter is "substantially related" to one or more matters in which Ms. Gutierrez represented Walmart.  *Sanchez*, 2012 WL at *1; *see also* Nev. R. Prof'l Conduct 1.9(a).

//

//

//

//

//

//

10

It is axiomatic that "[t]he burden of proving that two matters are the same or substantially related falls upon the party moving for disqualification." *Coles v. Arizona Charlie's*, 973 F.Supp. 971, 973 (D. Nev. 1997) (citing *Robbins v. Gillock*, 109 Nev. 1015, 1017 (Nev. 1993)); *see also Waid v. Eighth Judicial Dist. Court* ex rel. *Cty. of Clark*, 121 Nev. 605, 610 (2005).[4]   Therefore, Walmart bears the burden of proving that this matter is "substantially related" to one or more cases in which Ms. Gutierrez formerly represented Walmart.

**3.**      **Under This Court's Precedents Applying Nevada Law, Walmart Fails To Proffer Sufficient Evidence To Prove That This Matter Is "Substantially Related" To Any Case In Which Ms. Gutierrez Represented Walmart.**

As established above, Walmart bears the burden of proving that this matter is "substantially related" to one in which Ms. Gutierrez represented Walmart.  *See* Section II.A.2, *supra.*   Under the standards consistently applied by this Court to disqualification motions, Walmart essentially fails even to *attempt* to meet this burden, let alone *succeed* in doing so.

//
//
//
//
//
//
//
//
//
//

---

[4] A motion to disqualify an attorney because of a perceived ethical conflict may be seen as presenting issues of both substantive and procedural law, potentially raising a question as to whether state law or federal law governs. However, the Ninth Circuit has explicitly ruled that state law governs questions of attorney disqualification.  *See* In re *County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("Because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue.").

11

This Court has held that

> [t]o determine whether a former and present matter are substantially related, Nevada uses the three part inquiry set forth in *Waid v. Eight[h] Judicial District Ct.*, 121 Nev. 605 (2005). Under *Waid*, the Court must
>
>> (1) make a factual determination concerning the scope of the former representation[;]
>>
>> (2) evaluate whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters[;] and
>>
>> (3) determine whether that information is relevant to the issues raised [i]n the present litigation. [ ]

*Sanchez*, 2012 WL at *2 (internal citation omitted) (line breaks added).

### a.      Scope Of The Former Representation

The *Sanchez* case cited above is instructive and precisely on-point, because it involved a former defense attorney who subsequently represented a plaintiff in suing the attorney's former client:

> Prior to any event leading to the present case, [plaintiff's counsel Dennis] Prince was counsel for [defendant] American Family [Insurance] for seven years, from 2003 to 2010. During that time Prince defended American Family in approximately eighteen different lawsuits involving causes of action for breach of contract, bad faith, and violation of the Nevada Unfair Claims Practices Act. Based on Prince's prior representation of American Family, American Family has moved to disqualify Prince from the current action.

*Sanchez v. Am. Family Mut. Ins. Co.*, 2012 WL 4498226, at *1 (D. Nev. Sept. 28, 2012).

As this summary shows, *Sanchez* presented <u>*exactly*</u> the same issue now presented in Walmart's Motion. If one substituted "Ms. Gutierrez" for "Prince," "Walmart" for "American Family," Ms. Gutierrez's three years' tenure on defense for Mr. Prince's seven years, her 37 cases for his 18, and "tort liability" for the insurance causes of action, *Sanchez* would be <u>*identical*</u> to this case.

//

//

12

In addition, in *Sanchez*, as here, neither side disputed the attorney-client relationship or the adverse nature of the current representation.  *Id.*  Finally, as defendant American Family did in *Sanchez*, "[b]ased on [Ms. Gutierrez]'s prior representation of [Walmart], [Walmart] has moved to disqualify [Ms. Gutierrez] from the current action."  *Id.*

In *Sanchez*, United States Magistrate Judge Robert J. Johnston masterfully articulated the proper approach for applying the *Waid* factors.   Judge Johnston wrote that, in determining the ***scope of the former representation*** pursuant to *Waid*,

> the courts look to the *specific facts of the pending and prior cases to determine whether the facts are substantially related and thus whether the scope of the prior representation interferes with the present representation*. [ ]
>
> The specific facts of each case are examined because *a superficial resemblance between the matters is not sufficient*. [ ]
>
> Here, therefore, the Court must look to the *specific claims of each case and determine if there is a factual similarity between this case and the prior cases that affects the present representation*.  American Family has the burden of showing this similarity. [ ] It has failed to meet that burden. Rather, American Family asserts that because Prince formerly represented American Family in unrelated cases of the same type, Prince may "never" represent a party against American Family. [ ]
>
> *This argument holds no weight*.  Prince cannot be barred from representing clients against American Family *merely because he has industry knowledge*.

*Sanchez*, 2012 WL at *2-3 (emphases and line breaks added).[5]

//

---

[5] Judge Johnston also identified American Family's arguments regarding the *specific means* by which Mr. Prince had purportedly obtained confidential information, which mirrored Walmart's arguments here (*i.e.*, involvement in discovery, settlement negotiations, and litigation strategy sessions with his client's house counsel, where he obtained knowledge regarding the strategies, decisions, and inner workings of his client).  *Sanchez*, 2014 WL at *3-4; *see also* Section II.A.3.b, *infra*.

Judge Johnston rejected this argument, in part based on Comment 3 to Rule 1.9 of the Model Rules.  *Sanchez*, 2014 WL at *4.  That Comment classifies such generalized information as "policies and practices," which generally do not support disqualification without an additional showing of "specific facts [ ] gained in a prior representation that are relevant to a subsequent matter."  *Id.*; *see also* Section II.A.3.b, *infra*; *see also* Nev. R. Prof'l Conduct 1.0A ("The preamble and comments to the ABA Model Rules of Professional Conduct are not enacted by this Rule but may be consulted for guidance in interpreting and applying the Nevada Rules of Professional Conduct, unless there is a conflict between the Nevada Rules and the preamble or comments.").

13

Here, Walmart's defective argument is precisely the same as American Family's argument rejected by Judge Johnston in *Sanchez*.  Walmart presents not a single "specific fact[ ]" or "specific claim[ ]" from <u>*any*</u> case in which Ms. Gutierrez represented Walmart.

Instead, Walmart simply argues that Ms. Gutierrez has "industry knowledge" because she formerly represented Walmart in "unrelated cases of the same type":

> This case is identical to the 37 cases in which Ms. Gutierrez defended Walmart. The 37 cases involved personal injury tort claims against Walmart.  The cases asserted the same or similar theories of liability, and the same defenses, as are asserted in this case.  Therefore, it is axiomatic that Ms. Gutierrez' three years of direct communications with Walmart resulted in obtaining confidential information from the client. By virtue of Ms. Gutierrez' attorney-client relationship with Walmart, she obtained strictly confidential information as to how Walmart handles the defense of cases such as this.  Ms. Gutierrez conducted legal research, produced privileged work product, and prepared pleadings and motions derived from such privileged work product.

*Docket Filing #66*, 7: 28 - 8: 8; *cf. Sanchez*, 2014 WL at *3 (noting that an attorney cannot be disqualified against former client simply for having gained "industry knowledge" by representing that client in "unrelated cases of the same type").

Again, Walmart's argument here <u>*exactly*</u> mirrors that of the defendant in *Sanchez*. Walmart "asserts that because [Ms. Gutierrez] formerly represented [Walmart] in <u>*unrelated cases of the same type*</u>, [Ms. Gutierrez] may 'never' present any party against [Walmart]." *Docket Filing #66*, 7: 28 - 8: 8 (emphases added); *see also Sanchez*, 2014 WL at *3 (emphasis added); *cf. Docket Filing #66*, 7: 13-15 ("[T]he matters in which Ms. Gutierrez defended Walmart are not only substantially similar, they are identical to this case."); *see also id.*, 3: 22-23 (asserting that Ms. Gutierrez may <u>*never*</u> represent any party against Walmart because, absent a waiver, her "duty" to Walmart "exists in perpetuity").

As Judge Johnston found, "[t]his argument holds no weight."  *Sanchez*, 2012 WL at *3. Ms. Gutierrez, like Mr. Prince in *Sanchez*, "cannot be barred from representing clients against [Walmart] merely because [s]he has industry knowledge.  Accordingly, the scope of the prior representation does not affect the present representation."  *Id.*  Walmart thus fails to meet its burden to satisfy the first *Waid* factor.

14

**b.**     **Whether It Is Reasonable To Infer That The Confidential Information Allegedly Given Would Have Been Given To Ms. Gutierrez**

Walmart states that, during Ms. Gutierrez's representation,

- Ms. Gutierrez directly communicated with Walmart regarding confidential litigation and discovery plans, as well as case resolution strategies. *Docket Filing #66*, 4: 25-26;

- Ms. Gutierrez conducted legal research, produced protected work product, and prepared pleadings and motions derived from such privileged information. *Id.* at 4: 28 - 5: 1;

- Ms. Gutierrez obtained strictly confidential information as to how Walmart handles the defense of cases such as this. *Id.* at 8: 4-6;

- Ms. Gutierrez conducted legal research, produced privileged work product, and prepared pleadings and motions derived from such privileged work product. *Id.* at 8: 6-7;

- Ms. Gutierrez researched, strategized, prepared, drafted, and personally executed [sic], [ ] pleadings. *Id.* at 5: 3-4; and

- Walmart communicated its views regarding liability, damages, and settlement to Ms. Gutierrez in confidence. *Id.* at 4: 26-27.[6]

---

[6] Walmart notes that Ms. Gutierrez, in revising a Reply brief in this matter, cited to a brief that she wrote and filed while representing Walmart in the matter of *Pate v. Wal-Mart Stores, Inc. Docket Filing #66*, 5: 3 - 6: 1 ("Why is Ms. Gutierrez'[s] work for Walmart in the *Pate* case significant? As this Court will note, Ms. Gutierrez used the exact same work product [sic] she prepared for Walmart in *Pate* against her former client in this case."); 8: 12-24 ("Clearly, Ms. Gutierrez proudly waived [sic] her *Pate* work product [sic] before her current employers. Clearly, Ms. Gutierrez intentionally and willfully utilized her Walmart work product [sic] against her former client.").

These assertions betray a lack of understanding as to the term "work product." It is hornbook law that any claim to protection under the work product doctrine is waived when the material at issue is disclosed to an adversarial party. *See, e.g, Meoli v. Am. Med. Serv. of San Diego*, 287 B.R. 808, 817 (S.D. Cal. 2003) ("Voluntary disclosure of attorney work product to an adversary in the litigation defeats the policy underlying the privilege."); *see also* 8 CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024, at 532 (3d ed. 2010) (stating that disclosure to third party waives work-product protection when such disclosure "has substantially increased the opportunities for potential adversaries to obtain the information").

Thus, Ms. Gutierrez's *Pate* brief ceased to be work product when that brief was filed on behalf of Walmart in the *Pate* matter, as it was thereby exposed to an adversarial party. *Cf.* MODEL RULES OF PROF'L CONDUCT R. 1.9, Comment 3 ("Information that has been disclosed to the public or to other parties adverse to the former client ordinarily will not be disqualifying.").

15

1    On these bases, Walmart asserts that "it is axiomatic that Ms. Gutierrez'[s] three years

2 of direct communications with Walmart resulted in obtaining confidential information from the

3 client." *Id.* at 8: 2-4.

5    This argument fails to satisfy Walmart's burden to raise a reasonable inference that

6 confidential information would have been given to Ms. Gutierrez.  In *Sanchez*, the defendant

7 made an identical argument, asserting that "[s]pecifically, Prince was involved in discovery,

8 settlement negotiations, and litigation strategy sessions with American Family's house counsel"

9 and that "[Prince] obtained knowledge regarding the strategies, decisions, and inner workings of

10 American Family in defending bad faith lawsuits."  *Sanchez*, 2014 WL at *3-4.

11    In rejecting this argument as support for an inference that Mr. Prince received

12 confidential information, Judge Johnston noted that

13    NRCP 1.9(a) and NRCP 1. 10[ ] require the court to "evaluate whether it is
      reasonable to infer that the confidential information allegedly given to a lawyer
14    would have been given to a lawyer representing a client in those matters . . ." [ ]
      A law firm opposing disqualification bears the burden of showing that the firm
15    does not currently possess or have access to sources of confidential client
      information, particularly client documents or files.[7] [ ]
16

17    In this case, <u>American Family has not clearly articulated how Prince obtained</u>
      <u>any confidential information</u>. Rather, it conceded that after it ended its
18    relationship with Prince as counsel, it removed all files and documents relating to
      American Family that Prince had in his possession.
19

20    [continued]

21

22

—————————————————

23 [7] As quoted above, Judge Johnston noted that

24    [a] law firm opposing disqualification bears the burden of showing that the firm does not currently
      possess or have access to sources of confidential client information, particularly client documents
25    or files.

26 *Sanchez*, 2012 WL at *3 (citing In re *N. Am. Deed Co.*, 334 B.R. 443, 450 (Bankr. D. Nev. 2005)).

27 Here, Plaintiffs' counsel bears this burden, and therefore submits the sworn statements of Ms. Gutierrez and of
   Jacqueline Bretell, Esq., a Partner in the law firm of Morris//Anderson, to this effect.  *See* Decl. Gutierrez, *supra*, ¶
28 5; *see also* Decl. Bretell, *supra*, ¶ 6.

1
2
3

> Further, the "information" that American Family asserts Prince gained through his representation of American Family is *no more than general experience any attorney representing any insurance company would acquire. Prince cannot be faulted for obtaining experience and industry knowledge*.

5    *Id.* at *3 (emphases and line breaks added) (internal citations omitted).

6          Likewise, here, when Ms. Gutierrez ended her relationship with Walmart as counsel in

7    June 2014, Walmart retained all files and documents relating to Walmart that Ms. Gutierrez had

8    in her possession.   *See* Decl. Gutierrez, *supra*, ¶ 5. Ms. Gutierrez retained no files, no

9    documents, and no other information beyond her general experience.   *Id.*

10         In addition, as Judge Johnston noted in *Sanchez*,

11
12
13
14

> Model Rules of Prof'l Conduct R[ule] 1.9, [comment] 3, states that while *general knowledge of a former client's policies and practices ordinarily will not preclude a subsequent representation*, where specific facts are gained in a prior representation that are relevant to a subsequent matter, comment 3 indicates that such a situation supports disqualification. [ ]

15
16

> Here, *it does not appear that Prince obtained knowledge beyond policies and practices*. Accordingly, this doctrine does not apply and does not support disqualification.

17
18   *Sanchez*, 2014 WL at *4 (citing MODEL RULES OF PROF'L CONDUCT R. 1.9, Comment 3) (emphases added).

19         Thus, like the defendant in *Sanchez*, Walmart "has not articulated how [Ms. Gutierrez]

20   obtained any confidential information[,]" but instead has shown only that Ms. Gutierrez

21   obtained "experience and industry knowledge" for which she "cannot be faulted."   *Sanchez*,

22   2014 WL at *3.  Accordingly, as Judge Johnston found regarding Mr. Prince in *Sanchez*, "it is

23   not reasonable to infer that [Ms. Gutierrez] was given confidential information."   *Id.* at *4.[8]

24   //

25   //

26   ---

27
28

[8] In addition, because Walmart identifies no confidential information given to Ms. Gutierrez, Walmart's assertion that Ms. Gutierrez somehow violated NRPC 1.6 is also incorrect.  *Docket Filing #66*, 9: 23 - 10: 4; *see also* Nev. R. Prof'l Conduct 1.6 (headed "Confidentiality of Information," and providing that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraphs (b) and (d).").

**c.    Whether That Information Is Relevant To The Issues Raised In The Present Litigation**

Here, as in *Sanchez*, this third and final factor is mooted by Walmart's failure to *<u>identify</u>* any confidential information Ms. Gutierrez was given.  *Id.* at *4.  As Judge Johnston wrote, "[T]here is no confidential information and thus the Court cannot evaluate its relevancy."  *Id.*

As the foregoing demonstrates, Walmart's arguments exactly mirror the arguments of the defendant's counsel that were rejected by this Court in *Sanchez*.  Here, as with the defendant in *Sanchez*, (1) Walmart fails to proffer evidence that the scope of the prior representation affects the present representation; (2) Walmart fails to articulate how Ms. Gutierrez obtained any confidential information; and (3) Walmart fails to show (because Walmart failed to identify any confidential information) that any such confidential information is relevant to the issues raised in the present litigation.  *Waid*, 121 Nev. at 610; *see also Sanchez*, 2014 WL at *2.

Walmart thus fails to meet its burden to prove that this matter is "substantially related" to any matter in which Ms. Gutierrez represented Walmart.  *Waid*, 121 Nev. at 610.  Therefore, Judge Johnston's conclusion in *Sanchez* applies here as well:  Walmart "has failed to meet all three factors of the *Waid* test and thus disqualification is not appropriate."  *Sanchez*, 2014 WL at *4.

**B.    BECAUSE MS. GUTIERREZ IS NOT BARRED FROM REPRESENTING PLAINTIFFS IN THIS MATTER, HER LAW FIRM LIKEWISE IS NOT BARRED.**

Walmart's Motion actually focuses more on the perceived offenses of Morris//Anderson than those of Ms. Gutierrez. However, the Nevada Rules of Professional Conduct make clear that a *<u>law firm's conflict of interest</u>* in this context can arise *<u>only</u>* from a conflict of interest affecting *<u>an attorney employed by that firm</u>*.

//

//

//

//

Rule 1.10 of the Nevada Rules of Professional Conduct defines the circumstances in which a conflict of interest prohibiting an attorney from representing a particular client is imputed to that attorney's entire firm.

> While lawyers are associated in a firm, none of them shall knowingly represent a client when _any one of them practicing alone would be prohibited from doing so_ by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

_See_ Nev. R. Prof'l Conduct 1.10(a) (emphasis added).[9]

Nonetheless, Walmart asserts that

> sacrosanct to the practice of law are the professional rules of conduct which prohibit an attorney from suing a former client without having obtained a waiver from the client permitting such a suit. Plaintiffs' counsel, Morris//Anderson and/or Bighorn Law, have thumbed their noses at these cornerstones of the attorney-client relationship for nothing more than money.

_Docket Filing #66_, 3: 5-9.[10]

---

[9] Rule 1.10 also defines a procedure whereby an attorney may join a new firm without such conflict being imputed to the firm.  The firm must timely screen the attorney from participation in matters against the former client, must not give the attorney any portion of any fee from those matters, and must promptly give written notice to the former client to enable monitoring of compliance with the Rule.  _See_ Nev. R. Prof'l Conduct 1.10(e).  The firm will still be barred from representing a client in any matter that attorney had "a substantial role in or primary responsibility for" while representing the former client, but other matters against the attorney's former client may be preserved to the firm in this way.  _Id._

Here, no such screening of Ms. Gutierrez or written notice to Walmart was necessary, as neither this matter nor any other Morris//Anderson case against Walmart is "the same [as] or [ ] substantially related" to any case in which Ms. Gutierrez represented Walmart, and Ms. Gutierrez is therefore not disqualified from any Walmart matter.  _Id._ (basing any potential imputation of conflict of interest to the new firm on the new attorney's disqualification under Rule 1.9); _see also_ Nev. R. Prof'l Conduct 1.9(a) (limiting conflict of interest to "represent[ation of] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client").

[10] It is worth noting that Walmart never explicitly states that _Ms. Gutierrez_ personally has such a duty with respect to Walmart.  Instead, its Motion consistently conflates Ms. Gutierrez and her new firm, as though they were one entity with identical duties—_e.g._, describing Ms. Gutierrez's work for Walmart in detail and concluding that "Plaintiffs' counsel are breaching their duty to Walmart[.]"  _Docket Filing #66_, 3: 21-23.  Although this assertion uses the plural possessive "their," it is unclear whether Walmart believes such a "duty" attaches to Morris//Anderson as a firm, to Ms. Gutierrez, or both.

[continued]

19

However, for all its solemn intonations regarding the Rules of Professional Conduct, "blackletter law," and "age-old principles," Walmart egregiously misstates the law applicable to the situation, *e.g.*, "[T]he professional rules of conduct [ ] prohibit an attorney from suing a former client without having obtained a waiver from the client permitting such a suit" and "[p]ursuant to the blackletter rules of professional conduct, Morris//Anderson and/or Bighorn Law may not represent Plaintiffs in their action against Walmart." *Docket Filing #66*, 3: 5-7, 26-27.

The basis for these blatantly incorrect statements is of course Walmart's misguided notion that Ms. Gutierrez is barred from representing Plaintiffs in this matter simply because she once represented Walmart.

> During the course of defending Walmart, Ms. Gutierrez worked directly with the principals and decision makers of the company.  She learned Walmart's litigation and settlement strategies, while also obtaining strictly confidential information as to how Walmart handles the defense of cases, and the resolution of cases, identical to this case.  One need not be a student of law, or even remotely familiar with the Nevada Rules of Professional Ethics [sic], to understand why Plaintiffs' counsel are breaching their duty to Walmart; a duty which exists in perpetuity absent a waiver.

*Id.* at 3: 17-23.

//

//

//

---

Under the Nevada Rules of Professional Conduct, any conflict of interest Morris//Anderson might have with respect to Walmart can originate *only* in conflict of interest for Ms. Gutierrez arising from her former representation of Walmart, and then *imputed* to Morris//Anderson.  As NRPC 1.10 states,

> [w]hile lawyers are associated in a firm, none of them shall knowingly represent a client *when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2*, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

*See* Nev. R. Prof'l Conduct 1.10(a) (emphasis added).

1   However, as demonstrated above, Walmart has not met its burden of proving that Ms.

2   Gutierrez's representation of Walmart resulted in her "obtaining confidential information" or

3   that "the scope of the prior representation affects the present representation."  *See* Section

5   II.A.3, *supra*.  Thus, Walmart has not met its burden to prove that this matter is "substantially

6   related" to any matter in which Ms. Gutierrez represented Walmart.  *Id.*

7   Because Ms. Gutierrez is not disqualified under Rule 1.9 from representing Plaintiffs

8   against Walmart, no conflict of interest exists to be imputed to Morris//Anderson.  Therefore,

9   contrary to Walmart's multiple unsourced assertions, Morris//Anderson, like Ms. Gutierrez,

10  may represent Plaintiffs in this matter against Walmart.

11  **III.    CONCLUSION**

12  According to the website of his law firm, of which Robert K. Phillips, Esq. is the

13  founder and the lead named partner, Mr. Phillips has been practicing law for more than 30 years

14  and is licensed to practice in California and Indiana as well as Nevada.[11]  He is thus "a student

15  of law" and presumably is at least "remotely familiar with the Nevada Rules of Professional

16  [Conduct]."

17  However, rather than actually applying those Rules and the case law interpreting them

18  (from both the Nevada Supreme Court and this Court), the attorneys at Mr. Phillips's firm have

19  grounded Walmart's Motion solely in a deeply flawed "lay" perception of what constitutes a

20  conflict of interest between an attorney and her former client.

21  Thus, instead of engaging in actual legal analysis, the Motion simply (and incorrectly)

22  invokes its own versions of "black letter law," "cornerstone of American jurisprudence," and

23  "age-old principles"—always without citation to any actual legal authority.   It trumpets

24  incorrect snippets of purported "law," such as "sacrosanct to the practice of law are the

25  professional rules of conduct which prohibit an attorney from suing a former client without

26  having obtained a waiver from the client permitting such a suit[,]" a statement that is blatantly

27  wrong on its face.

28

---

[11] http://psalaw.net/attorneys/robert-phillips/ (accessed March 19, 2018).

21

As Plaintiffs' foregoing analysis conclusively demonstrates, Walmart's Motion is wrong as a matter of law.  Ms. Gutierrez is not disqualified from representing Plaintiffs in this matter against Walmart, as Walmart has failed to meet its burden to show that this matter is "substantially related" to any case in which Ms. Gutierrez represented Walmart.  Because Ms. Gutierrez is not disqualified, no conflict of interest exists to be imputed to Morris//Anderson, and that firm also is not disqualified.

Plaintiffs therefore respectfully request that this Court deny Walmart's Motion in its entirety with prejudice.

DATED this <u>19th</u> day of March, 2018.

                                  **MORRIS//ANDERSON**

                                  */s/ Ryan M. Anderson*
                                  _____
                                  RYAN M. ANDERSON, ESQ.
                                  Nevada Bar No. 11040
                                  JACQUELINE BRETELL, ESQ.
                                  Nevada Bar No. 12335
                                  LAUREN D. CALVERT, ESQ.
                                  Nevada Bar No. 10534
                                  716 South Jones Boulevard
                                  Las Vegas, Nevada 89107
                                  *Attorneys for Plaintiffs*
                                  *Darlene Stevens and Scott Stevens*

22

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to FRCP 5, I hereby certify that I am an employee of MORRIS//ANDERSON and that on the <u>19th</u> day of March, 2018, I caused the foregoing, **PLAINTIFFS' OPPOSITION TO DEFENDANT WAL-MART STORES, INC.'S EMERGENCY MOTION TO: (1) DISQUALIFY PLAINTIFFS' COUNSEL, OR IN THE ALTERNATIVE, STRIKE PLAINTIFFS' COMPLAINT; AND (2) VACATE MARCH 6, 2018[,] HEARING ON ALL PENDING MOTIONS, FOR VIOLATIONS OF AMERICAN BAR ASSOCIATION AND NEVADA RULES OF PROFESSIONAL CONDUCT 1.6, 1.9[,] AND 1.10 (Docket Filings #66, #67)**, to be served on the following via this Court's CM/ECF electronic filing system:

> Robert K. Phillips, Esq.
> Pooja Kumar, Esq.
> **PHILLIPS, SPALLAS & ANGSTADT LLC**
> 504 South Ninth Street
> Las Vegas, Nevada 89101
> *Attorneys for Defendant*
> *Wal-Mart Stores, Inc.*

*/s/ Real Jumao-as*

_____
An employee of MORRIS//ANDERSON

23



Jacqueline Bretell <jacqueline@bighornlaw.com>

---

## Stevens v. WalMart
14 messages

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>                Thu, Mar 1, 2018 at 2:35 PM
To: Rob Phillips <rphillips@psalaw.net>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>

Hi Rob,

Charles unilaterally set the deposition of Dr. Bascharon for Monday, and Dr. Otten for Tuesday.

The parties' Stip and Order stated that these depositions would not take place until *after* the Court's ruling on Plaintiffs' Motion(s) for Protective Order.  As you know, these Motions are set to be heard on Tuesday (the same time as Dr. Otten's deposition).

Can you please confirm whether these depositions will be vacated?  If not, I will proceed with filing a Motion for Protective Order.

--

## Jacqueline R. Bretell, Esq.
Partner, BIGHORN LAW
716 S. Jones Blvd.
Las Vegas, NV 89107
P: 702-333-1111
F: 702-507-0092
jacqueline@bighornlaw.com
www.bighornlaw.com



"This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please contact the sender(s) at (702) 333-1111 and delete all copies from your system. It is not the intent of the sender to solicit any person or business.  Please note that any opinions in this email are solely those of the author and do not necessarily represent those of Bighorn Law. Any views or opinions are not to be considered legal advice. Should you need legal advice within Nevada please contact Morris Anderson Law. Jacqueline R. Bretell at Bighorn Law is licensed in Nevada.  Bighorn Law has offices in Utah, Arizona, and Nevada. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage or loss caused by any virus transmitted by this email."

---

**Rob Phillips** <rphillips@psalaw.net>                Thu, Mar 1, 2018 at 5:01 PM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>

We'd be glad to reschedule at everyone's convenience provided we stipulate we can take them at a later date.

Rob

Robert K. Phillips
Phillips, Spallas & Angstadt LLP

**Rob Phillips**
Partner

# PHILLIPS SPALLAS & ANGSTADT LLP
ATTORNEYS AT LAW

San Francisco | Las Vegas |
Los Angeles | Napa Valley

505 Sansome Street, 6th Floor
San Francisco, CA  94111

t 415-278-9400
f 415-278-9411
rphillips@psalaw.net
vizCard
www.psalaw.net

This communication may contain confidential
and privileged material for the sole use of the
intended recipient.  Receipt by anyone else
does not constitute a loss of the confidential or
privileged nature of the communication. Any
review by or disclosure to another is
prohibited.  If you received this
communication in error, please delete all
copies and notify me.

[Quoted text hidden]
[Quoted text hidden]

---

**Rob Phillips** <rphillips@psalaw.net>                    Fri, Mar 2, 2018 at 10:34 AM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>, Rob Phillips <rphillips@psalaw.net>,
Kaa Bao Yang <kyang@psalaw.net>

Morning Jacqueline,

We do not have a copy of the conflict waiver which permits your firm and Siria to sue Walmart. Would you please forward
me a copy of the executed waiver no later than noon today. If we do not receive the waiver by noon, we will presume you
do not possess the necessary document and Walmart will proceed accordingly.

Thank you.

Rob

Robert K. Phillips
Phillips, Spallas & Angstadt LLP

**Rob Phillips**
Partner

# PHILLIPS SPALLAS & ANGSTADT LLP
ATTORNEYS AT LAW

San Francisco | Las Vegas |
Los Angeles | Napa Valley

505 Sansome Street, 6th Floor
San Francisco, CA  94111

t 415-278-9400
f 415-278-9411
rphillips@psalaw.net

vizCard
www.psalaw.net

This communication may contain confidential
and privileged material for the sole use of the
intended recipient. Receipt by anyone else
does not constitute a loss of the confidential or
privileged nature of the communication. Any
review by or disclosure to another is
prohibited. If you received this
communication in error, please delete all
copies and notify me.

On Mar 1, 2018, at 4:35 PM, Jacqueline Bretell <jacqueline@bighornlaw.com> wrote:

[Quoted text hidden]

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>         Fri, Mar 2, 2018 at 10:41 AM
To: Rob Phillips <rphillips@psalaw.net>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>

There is already a Stipulation on file with the Court regarding this issue.
[Quoted text hidden]

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>         Fri, Mar 2, 2018 at 10:42 AM
To: Rob Phillips <rphillips@psalaw.net>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>

Hi Rob,

I am confused by your e-mail. Siria has not represented Wal-Mart since June of 2014. As you know, Ms. Stevens fall
took place in May of 2015. I do not see a conflict.

-Jacqueline
[Quoted text hidden]

---

**Rob Phillips** <rphillips@psalaw.net>         Fri, Mar 2, 2018 at 10:51 AM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>,
Rob Phillips <rphillips@psalaw.net>

So to confirm, you do not have a waiver executed by Walmart?


Robert K. Phillips
Phillips, Spallas & Angstadt LLP

**Rob Phillips**
Partner



San Francisco | Las Vegas |
Los Angeles | Napa Valley



On Mar 2, 2018, at 12:42 PM, Jacqueline Bretell <jacqueline@bighornlaw.com> wrote:

Hi Rob,

I am confused by your e-mail. Siria has not represented Wal-Mart since June of 2014. As you know, Ms. Stevens fall took place in May of 2015. I do not see a conflict.

-Jacqueline

On Fri, Mar 2, 2018 at 10:34 AM, Rob Phillips <rphillips@psalaw.net> wrote:
> Morning Jacqueline,
>
> We do not have a copy of the conflict waiver which permits your firm and Siria to sue Walmart. Would you please forward me a copy of the executed waiver no later than noon today. If we do not receive the waiver by noon, we will presume you do not possess the necessary document and Walmart will proceed accordingly.
>
> Thank you.
>
> Rob
>
>
>
>
> Robert K. Phillips
> Phillips, Spallas & Angstadt LLP
>
> **Rob Phillips**
> Partner
>
> <image793337.png>
> San Francisco | Las Vegas | Los Angeles | Napa Valley
>
> 505 Sansome Street, 6th Floor
> San Francisco, CA 94111
>
> t 415-278-9400
> f 415-278-9411
> rphillips@psalaw.net
> vizCard
> www.psalaw.net
>
> This communication may contain confidential and privileged material for the sole use of the intended recipient. Receipt by anyone else does not constitute a loss of the confidential or privileged nature of the communication. Any review by or disclosure to another is prohibited. If you received this communication in error, please delete all copies and notify me.
>
> [Quoted text hidden]
> [Quoted text hidden]
> [Quoted text hidden]



PHILLIPS SPALLAS & ANGSTADT LLP    image793337.png
ATTORNEYS AT LAW    8K

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>         Fri, Mar 2, 2018 at 10:54 AM
To: Rob Phillips <rphillips@psalaw.net>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>

    That is correct. Again, we do not see a conflict.

-Jacqueline
[Quoted text hidden]

---

**Rob Phillips** <rphillips@psalaw.net>                                         Fri, Mar 2, 2018 at 11:06 AM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, Siria Gutierrez <siria@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>,
Rob Phillips <rphillips@psalaw.net>

Nevada Rule of Professional Conduct 1.9.
Suing a former client is strictly prohibited absent a waiver. Timing is irrelevant.
I can never sue Walmart in the future unless I obtain a waiver. It's black letter ethics.
Astoundingly, it is evident that you actually used Walmart's work product against it in your reply brief! Siria used the Pate
brief which she prepared and signed on behalf of Walmart against her former client.
This is very, very serious and it was done intentionally to harm a former client.
It gets no more serious than this.
We will be filing an emergency motion and a sur reply and of course Walmart will be taking the necessary actions as the
aggrieved client.

Robert K. Phillips
Phillips, Spallas & Angstadt LLP


**Rob Phillips**
Partner



San Francisco | Las Vegas |
Los Angeles | Napa Valley




On Mar 2, 2018, at 12:54 PM, Jacqueline Bretell <jacqueline@bighornlaw.com> wrote:

That is correct.  Again, we do not see a conflict.

-Jacqueline

On Fri, Mar 2, 2018 at 10:51 AM, Rob Phillips <rphillips@psalaw.net> wrote:
So to confirm, you do not have a waiver executed by Walmart?



Robert K. Phillips
Phillips, Spallas & Angstadt LLP


**Rob Phillips**
Partner

<image105711.png>

San Francisco | Las Vegas | Lo
s Angeles | Napa Valley




[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]



PHILLIPS SPALLAS & ANGSTADT LLP    **image105711.png**
ATTORNEYS AT LAW    8K

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>      Fri, Mar 2, 2018 at 11:30 AM
To: Rob Phillips <rphillips@psalaw.net>
Cc: Real Jumao-s <real@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>

Thank you for the clarification on your position.

NRPC 1.9 applies in situations where the matter is the same or substantially similar.  Again, it has been nearly four years since Ms. Gutierrez has represented Wal-Mart, during which time she has worked for two other law firms.  Ms. Stevens' fall took place *after* Ms. Gutierrez ended her representation of your client.  Ms. Stevens' case is not the same and is not substantially similar.

With regard to the citation to *Pate*, the pleading is public record.
[Quoted text hidden]

---

**Rob Phillips** <rphillips@psalaw.net>      Fri, Mar 2, 2018 at 11:50 AM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>, "siria@bighornlaw.com" <siria@bighornlaw.com>, Rob Phillips <rphillips@psalaw.net>

First you say timing is an issue. Now you say the two identical cases are not substantially similar.
The Federal Court comes down hard on this. Siria was able to use her identical Walmart work product against Walmart because the cases are identical.
And you knew when you hired her that the knowledge she gained while representing Walmart would be useful against Walmart.
This is really bad. Never ever has a Walmart PI attorney been allowed to sue Walmart in a PI case without a waiver. And I can't fathom how any attorney could think it is remotely proper to sue a former client in the exact same type of case, using privileged information.
We will be asking that the Complaint be stricken and of course your firm be disqualified.
The disqualification is mandatory.
Honestly Jacqueline, I'm speechless. I'm stunned you think this is proper.

Bizarrely, I am emailing in this case with an attorney who has sued Walmart, and who was my very Associate charged with defending Walmart.

We have truly fallen down the rabbit hole if you think this is proper.

Robert K. Phillips
Phillips, Spallas & Angstadt LLP

**Rob Phillips**
Partner

PHILLIPS SPALLAS & ANGSTADT LLP
ATTORNEYS AT LAW

San Francisco | Las Vegas |
Los Angeles | Napa Valley

On Mar 2, 2018, at 1:30 PM, Jacqueline Bretell <jacqueline@bighornlaw.com> wrote:

Thank you for the clarification on your position.

NRPC 1.9 applies in situations where the matter is the same or substantially similar.  Again, it has been nearly four years since Ms. Gutierrez has represented Wal-Mart, during which time she has worked for two

other law firms. Ms. Stevens' fall took place *after* Ms. Gutierrez ended her representation of your client. Ms. Stevens' case is not the same and is not substantially similar.

With regard to the citation to *Pate*, the pleading is public record.

On Fri, Mar 2, 2018 at 11:06 AM, Rob Phillips <rphillips@psalaw.net> wrote:
Nevada Rule of Professional Conduct 1.9.
Suing a former client is strictly prohibited absent a waiver. Timing is irrelevant.
I can never sue Walmart in the future unless I obtain a waiver. It's black letter ethics.
Astoundingly, it is evident that you actually used Walmart's work product against it in your reply brief! Siria used the Pate brief which she prepared and signed on behalf of Walmart against her former client.
This is very, very serious and it was done intentionally to harm a former client.
It gets no more serious than this.
We will be filing an emergency motion and a sur reply and of course Walmart will be taking the necessary actions as the aggrieved client.

Robert K. Phillips
Phillips, Spallas & Angstadt LLP


**Rob Phillips**
Partner

<image816824.png>

San Francisco | Las Vegas | Lo
s Angeles | Napa Valley


[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

---

 image816824.png
8K

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>      Fri, Mar 2, 2018 at 11:53 AM
To: Rob Phillips <rphillips@psalaw.net>
Cc: Real Jumao-s <real@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>

It appears we have come to an impasse on this, Rob. I will keep an eye out for your Motion so we can oppose the same.

-Jacqueline
[Quoted text hidden]

---

**Jacqueline Bretell** <jacqueline@bighornlaw.com>      Fri, Mar 2, 2018 at 11:53 AM
To: Kimball Jones <kimball@bighornlaw.com>

[Quoted text hidden]

---

**Rob Phillips** <rphillips@psalaw.net>      Fri, Mar 2, 2018 at 12:08 PM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, Kaa Bao Yang <kyang@psalaw.net>, "siria@bighornlaw.com" <siria@bighornlaw.com>, Rob Phillips <rphillips@psalaw.net>

Not sure why you are suddenly taking Siria off the email string if it's not an issue?

My client is furious and feels very betrayed by its former attorney.

We should have the papers filed by this evening.

Robert K. Phillips
Phillips, Spallas & Angstadt LLP

**Rob Phillips**
Partner



San Francisco | Las Vegas |
Los Angeles | Napa Valley


On Mar 2, 2018, at 1:53 PM, Jacqueline Bretell <jacqueline@bighornlaw.com> wrote:

It appears we have come to an impasse on this, Rob.  I will keep an eye out for your Motion so we can oppose the same.

-Jacqueline

On Fri, Mar 2, 2018 at 11:50 AM, Rob Phillips <rphillips@psalaw.net> wrote:
First you say timing is an issue. Now you say the two identical cases are not substantially similar.
The Federal Court comes down hard on this. Siria was able to use her identical Walmart work product against Walmart because the cases are identical.
And you knew when you hired her that the knowledge she gained while representing Walmart would be useful against Walmart.
This is really bad. Never ever has a Walmart PI attorney been allowed to sue Walmart in a PI case without a waiver. And I can't fathom how any attorney could think it is remotely proper to sue a former client in the exact same type of case, using privileged information.
We will be asking that the Complaint be stricken and of course your firm be disqualified.
The disqualification is mandatory.
Honestly Jacqueline, I'm speechless. I'm stunned you think this is proper.

Bizarrely, I am emailing in this case with an attorney who has sued Walmart, and who was my very Associate charged with defending Walmart.

We have truly fallen down the rabbit hole if you think this is proper.

Robert K. Phillips
Phillips, Spallas & Angstadt LLP

**Rob Phillips**
Partner

<image531355.png>
San Francisco | Las Vegas | Lo
s Angeles | Napa Valley

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

**image531355.png**


PHILLIPS SPALLAS & ANGSTADT LLP 8K
ATTORNEYS AT LAW

---

**Kaa Bao Yang** <kyang@psalaw.net>                                    Fri, Mar 2, 2018 at 8:25 PM
To: Jacqueline Bretell <jacqueline@bighornlaw.com>
Cc: Real Jumao-s <real@bighornlaw.com>, "siria@bighornlaw.com" <siria@bighornlaw.com>, Rob Phillips
<rphillips@psalaw.net>

Good Evening Ms. Bretell,

In furtherance of Rob's correspondence and as a courtesy, please be advised that we will be filing the motion tomorrow.

Thank you,

Kaa Bao

**Kaa Bao Yang**
Associate Attorney

PHILLIPS SPALLAS & ANGSTADT LLP
ATTORNEYS AT LAW

San Francisco | Las Vegas |
Los Angeles | Napa Valley

---

**From:** Rob Phillips
**Sent:** Friday, March 2, 2018 12:08 PM
**To:** Jacqueline Bretell <jacqueline@bighornlaw.com>
**Cc:** Real Jumao-s <real@bighornlaw.com>; Kaa Bao Yang <kyang@psalaw.net>; siria@bighornlaw.com; Rob Phillips
<rphillips@psalaw.net>
**Subject:** Re: Stevens v. WalMart

Not sure why you are suddenly taking Siria off the email string if it's not an issue?

My client is furious and feels very betrayed by its former attorney.

We should have the papers filed by this evening.

Robert K. Phillips

Phillips, Spallas & Angstadt LLP

**Rob Phillips**

Partner

rphillips@psalaw.net

415-278-9400 ext. 101

[Quoted text hidden]
[Quoted text hidden]