UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARLENE STEVENS, et al., | Case No. 2:17-CV-970 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| KEVIN PRENTICE, et al., | |
| Defendant(s). | |

Presently before the court is defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for leave to file surreply. (ECF No. 85).

Also before the court is Darlene and Scott Stevens' (collectively "the Stevens") motion for partial summary judgment. (ECF No. 81). Wal-Mart filed a response (ECF No. 83), to which the Stevens replied (ECF No. 84).

**I.  Facts**

This action arises out of a slip and fall incident that took place on May 10, 2015, at a Wal-Mart store located at 540 Marks Street, Henderson, Nevada. (ECF No. 1). While inside the store, Darlene Stevens slipped on a liquid substance left on the floor, causing her to fall and sustain injuries. (ECF Nos. 81, 83). The Stevens claim that the extent of Darlene's injuries included breaking her big toe as well as substantial injuries to her wrist, ankle, neck, spine, and knees. (ECF No. 81). Subsequent to the incident, Darlene received a number of medical services for her injuries. These treatments included surgery, chiropractic care, X-rays, MRIs, knee injections, and knee arthroscopy. *Id*.

Throughout the course of litigation, the Stevens brought forth experts Dr. Bahoora and Dr. Bascharon who claim that Darlene's medical treatments were reasonable and related to Darlene's

**James C. Mahan**
**U.S. District Judge**

slip and fall. *Id*. Wal-Mart also brought forth an expert, Dr. Rimoldi, who confirmed Darlene's injuries but disputed the appropriateness of some of her treatment. *Id*. Dr. Rimoldi specifically expressed a preference against undergoing toe surgery and that there was no need for knee injections or further knee arthroscopy. (ECF No. 81).

Now, the Stevens move for partial summary judgment for past medical damages. (ECF No. 81).

**II.     Legal Standard**

*a. Motion for leave to file surreply*

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases).

*b. Summary judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

*a. Motion for leave to file surreply*

Wal-Mart argues that the court should grant leave to file a surreply because the Stevens raise new evidence and arguments for the first time in their reply to Wal-Mart's response to partial summary judgment. (ECF No. 85). Wal-Mart claims that the Stevens mention and discuss Dr. Rimoldi's medical examination for the first time in their reply, precluding Wal-Mart from being able to address Dr. Rimoldi's findings. *Id.*

Upon review of the pleadings, the court holds that Wal-Mart's claims are baseless. The Stevens expressly raised Dr. Rimoldi's medical examination in their motion for partial summary judgment. (ECF No. 81). The pleading argued that Dr. Rimoldi "opined that the treatment Darlene received on her toe . . . was related to the injuries she sustained in the fall and was reasonable." *Id*. The pleading also included Dr. Rimoldi's medical examination in its entirety. *Id.* Wal-Mart's response addressed Dr. Rimoldi's examination and emphasized that he would have suggested conservative treatment rather than toe surgery. (ECF No. 83). The Stevens' reply addressed Wal-Mart's characterization of Dr. Rimoldi's medical examination, and argued once again that "Dr. Rimoldi found the treatment . . . necessary and related to Darlene's slip and fall." (ECF No. 84).

Now, Wal-Mart is unhappy with its five-page response to partial summary judgment and wishes to further elaborate on Dr. Rimoldi's medical examination. This is nothing more than an "improper attempt to have the last word on an issue . . . ." *Smith*, 2014 WL 1301357, at *5. Accordingly, the court will not grant leave to file surreply.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

*b. Summary judgment*

A plaintiff must establish four elements to succeed on a negligence claim: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) damages. *Turner v. Mandalay Sport Entm't*, 180 P.3d 1172, 1175 (Nev. 2008). The Stevens' motion for partial summary judgment seeks a holding of past medical damages—that Darlene's treatments were reasonable and related to her injuries. (ECF No. 81).

Here, there does not exist any dispute as to the relation of Darlene's treatment to her slip and fall. Wal-Mart, in its own response, agrees with the Stevens and states, "Dr. Rimoldi for example opines that while the toe surgery was related to the incident . . . ." (ECF No. 83). Further, nothing in Wal-Mart's pleading suggests that there is a dispute regarding whether the treatment was related to Darlene's injuries.

As to the treatment's reasonableness, the Stevens have brought forth their own experts who claim that the treatment was reasonable and necessary. (ECF No. 81). However, Wal-Mart has raised a genuine dispute to these claims. (ECF No. 83). Dr. Rimoldi's medical examination expresses a preference against toe surgery and that there was no need for knee injections or further knee arthroscopy. (ECF Nos. 81, 83). At summary judgment the court does not "make credibility determinations or weigh conflicting evidence." *See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson,* 477 U.S. at 253). Resolving whether Darlene's treatment was reasonable would require the court to assess Dr. Rimoldi, Dr. Bahoora, and Dr. Bascharon's credibility, which is precisely the kind of determination that is prohibited during summary judgment.

Wal-Mart also raises the issue of whether the cost of medical services was reasonable. (ECF No. 83). The Stevens have not addressed this issue in their pleadings despite the local rules permitting an additional fifteen pages of briefing in their reply. *See generally* (ECF No. 84); *see also* LR 7-3(a). Due to the Stevens' deficient reply, the court is left with no basis to hold that the cost of Darlene's treatment was reasonable.

Accordingly, the Stevens are not entitled to a judgment as a matter of law for past medical damages because there exists a genuine dispute of material fact regarding the reasonableness of Darlene's treatment.

**IV.     CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wal-Mart's motion for leave to file surreply (ECF No. 85) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the Stevens' motion for partial summary judgment (ECF No. 81) be, and the same hereby is, DENIED.

DATED August 8, 2018.

                                                                            UNITED STATES DISTRICT JUDGE